MARY C. AND WM. S. HUFF, Plaintiffs in Error, v. ICHABOD C. PRICE, Defendant in Error.

1. *Wife's estate, how parted with.*—A wife cannot part with her legal estate in lands in Missouri except by deed, in which her husband joins, executed and acknowledged according to the requirements of the statute.

2. *Husband and wife — Husband may sell his marital interest — Sale of land — Part performance — Equitable estoppel.*—A husband may bind himself personally by a contract for the sale of his interest in his wife's lands. And where he stands by and suffers his wife to make a contract for the sale of an estate, and with his knowledge and consent the purchaser enters into the possession under his contract, pays part of the purchase-money, and makes valuable and lasting improvements, he thereby adopts his wife's contract as his own, and will be afterwards estopped from suing for possession of the land without restoring to defendant the purchase-money he has paid out, with interest, and compensating him for the value of the improvements made by him on the land.

*Error to Johnson Circuit Court.*

*R. Hicks*, for plaintiffs in error.

A married woman has no capacity to contract for the sale of her real estate, or to convey it, except in the precise statutory mode. This is the rule at law, and equity follows the law. However meritorious the consideration, equity will not aid defects which are of the essence of the power, nor supply any circumstances for want of which the Legislature has declared the instrument void.

*Elliott & Blodgett*, for defendant in error.

I. A *feme covert*, as to her separate estate, can enter into contracts in the same manner as a *feme sole ;* and her contracts, whether written or verbal, are equally binding (47 Mo. 512 ; Kimm v. Weippert, 46 Mo. 532 ; Tucker v. Gest, 46 Mo. 339 ; Schafroth v. Ambs, 46 Mo. 116 ; Bruner v. Wheaton, 46 Mo. 366 ; Miller v. Brown, 47 Mo. 512) ; and as the law now stands, property in the situation in which this is found must be regarded as the separate estate of the wife.

II. The defendant is entitled to a decree for specific performance, such as was rendered in the court below. (Despain v. Carter, 21 Mo. 331 ; Price v. Hart, 29 Mo. 171 ; Halsa v. Halsa, 8 Mo. 303 ; Hill. Vend. 145, ch. 9, § 6.)

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment for the recovery of 280 acres of land in Johnson county. The suit was commenced in the Johnson Court of Common Pleas, and removed by change of venue to the Circuit Court of Johnson county.

The defendant in his answer admits that the plaintiffs are the legal owners of the land, but sets up as an equitable defense that he made a contract with them for the purchase of the land, paid part of the purchase-money down, and agreed to pay the balance at certain periods afterwards.; that with the knowledge and consent of the plaintiffs he entered into possession of the land under this contract, and made valuable and lasting improvements thereon, regarding himself as the owner, and tendered the balance of the purchase-money in payment for the land, but the tender was refused.

The evidence showed that the plaintiffs were husband and wife, and that the fee-simple title to this land was vested in the wife as a legal estate, subject, of course, to the husband's life estate by way of curtesy. The contract for the sale of the land to defendant was made in the name of the wife. The facts in regard to possession under the contract, the payment of part of the purchase-money, the making of valuable and lasting improvements, and the tender of the balance of the purchase-money, were substantially proved as alleged. The court, upon the final hearing of the case, decreed the title to the defendant.

The law is well established that a married woman cannot part with her legal estate in lands in this State except by deed, in which her husband joins, executed and acknowledged in accordance with the requirements of the statute. Nor can she make a valid contract for the sale of her legal property. She may in equity make a binding contract in regard to lands held for her sole and separate use. It is not shown in this case that this land

was vested in her for her sole and separate use. Our statute concerning married women, which exempts the interest of the husband in her lands from attachment, etc., and which prevents him from selling such interest during coverture without her consent, manifested by joining in the deed, does not constitute her estate in such lands separate property so as to invest her with power to dispose of the same as. separate property. The object of the statute was to prevent the husband's curtesy during coverture from being disposed of without the consent of the wife, and to secure this interest to their joint enjoyment. Although the wife cannot make a contract binding upon her except in regard to her separate property, the husband may bind himself personally by a contract for the sale of his interest in her lands. In this case the husband stood by and suffered his wife to make a contract for the sale of the entire estate in this land, and with his knowledge and consent the defendant entered into the possession under this contract, and made valuable and lasting improvements, having paid a part of the purchase-money, which went into his hands, or into the hands of his wife, which is the same thing, as her possession is his. Conceding that she is not bound by the contract, did he not by his conduct adopt this contract as his own? and will a court of equity suffer him to recover the possession of this land without placing the defendant *in statu quo*, by restoring to him the purchase-money he has paid, with interest, and compensating him for the value of the improvements made by him upon the land? The doctrine of equitable estoppel applies to this case so far as the husband is concerned. The decree is erroneous. Instead of vesting the title in fee in the defendant, the court must take an account of the amount of purchase-money paid by the defendant, with interest, and the value of the improvements made by him on the land, and require the husband to pay the defendant the amount of such account, and upon such payment the possession of the premises to be decreed to the plaintiffs.

The judgment will be reversed and the cause remanded, to be proceeded in according to the directions here laid down. The other judges concur.