Shroyer v. Nickell, et al.

SABINA SHROYER, Defendant in Error, *vs.* WM. A. NICKELL, *et al.*, Plaintiffs in Error.

1. *Ejectment by widow—Defective deed by married woman, reformation of, etc.*—In ejectment brought by a widow to recover certain land held by defendant under a defective conveyance made by plaintiff and her deceased husband, defendant, by his answer, prayed for a decree, reforming the deed, for specific performance, etc. ; *held* by the court, that, as the property at the time of the defective deed was not plaintiff's separate property, and had not been conveyed by her in form and manner required by the statute, the deed, as to plaintiff, was null and void and could not be reformed ; *but held*, that the court should, while rendering judgment for plaintiff for possession of the premises, also award to defendant the value of the permanent improvements on the land, together with the purchase money paid for the land by plaintiff's grantee, minus the value of the rents and profits collected by defendant while in possession.

*Error to Saline Circuit Court.*

*Strother & Shackelford,* for Plaintiffs in Error.

I. The conveyance of George W. Allen to Presly Shroyer and wife vested the title to the real estate sued for in both as one by the entireties. Both must join in any contract or conveyance to invest the title as a quasi corporation. (12 Mo., 385.) Hence, the statute, prescribing the mode in which a married woman may convey her real estate, has no application to the case. (R. C., 1855, 302, § 35.) Therefore, the two together, making a contract or conveyance, may and can do so, just as any other person, so that an executory contract signed by both will be enforced against either or the survivor.

II. Even in case of an executory contract by husband and wife, in relation to sale of her real estate, in which the purchase money is received and lasting improvements made, this court has held, that, before the land can be recovered in ejectment, the purchase money must be repaid and the lasting improvements paid for. (50 Mo., 228.)

III. In all the cases in which the courts have decided that a court of equity will not correct an error in a married woman's deed, the land was owned by the wife in her own right. Certainly, the court will not follow the precedents by extending the rule to cases like the present against manifest justice.

*Boyd & Davis*, for Defendant in Error.

I. The title to the whole or any interest in the land could only pass by a deed, in which Shroyer and his wife joined, duly acknowledged in accordance with the statute of this State. It is well settled, that a married woman can only dispose of her interest in real estate in this State by deed, in which her husband joins with her, duly acknowledged in conformity with the statute.

II. A court of equity will not enforce a contract made by a *feme covert* for the sale of real estate, unless it be executed and acknowledged in the manner prescribed in the statute, nor will a court of equity interfere to amend or correct any mistake in the contract or to make it conform to the statute. (Huff vs. Price, 50 Mo., 228 ; Carr vs. Williams, 10 Ohio, 305 ; Martin vs. Dwelly, 6 Wend., 9 ; Doe vs. Howland, 8 Cowan, 278 ; Knowles vs. Canley, 10 Paige Ch., 343 ; Jackson vs. Sears, 10 Johns., 435 ; Jackson vs. Stevens, 16 Johns., 110 ; Johns vs. Reardon, 11 Md., 465 ; Chauvin vs. Wagner, 18 Mo., 544 ; Wannall vs. Kem, 51 Mo., 150.)

SHERWOOD, Judge, delivered the opinion of the court.

Action of ejectment in the Saline Circuit Court brought by plaintiff, Sabina Shroyer, against defendant, Wm. A. Nickell, to recover possession of the W. half of the North-East Quarter of Sec. 16, T. 50, Range 21.

To this action, on his application, Wm. Prior was also made a party defendant, and thereupon the defendants answered jointly, pleading the general issue, and also, as a special and equitable defense, they alleged, in substance, that defendant, Nickell, was rightfully in possession of the land sued for ; that on the 11th day of October, 1858, Presly Shroyer, the husband of plaintiff, purchased of George W. Allen the premises in question for the sum of $1,200, paid out of his own funds by said Shroyer ; that Allen, in consideration of that sum, conveyed the real estate so sold to the husband and wife jointly, and in such way that they became and were seized as one person of the land thus conveyed ; that Shroyer and his wife, on

the 21st day of September, 1861, in consideration of the sum of $1,300, duly paid to them, contracted to sell said land to Wm. C. Randolph, and on that day, in accordance with such contract, attempted to convey to Randolph, by a deed duly signed and acknowledged, the land they contracted for, but by mis-. take of the scrivener the land was described in the deed so made as the W. half of the South-East Quarter, &c., instead of W. half of the North-East Quarter, &c.; that Shroyer and wife were not the owners of the land thus erroneously described and mentioned in the deed to Randolph; that Randolph, on the 16th day of March, 1864, sold the land thus purchased from Shroyer and wife to defendant, Prior, but, in attempting to convey the same to Prior by deed, made the same mistake in regard to the proper description of the land as had been made in the deed from Shroyer and wife to Randolph; that the mistake in the deed from Randolph to Prior was duly corrected by an appropriate decree in favor of Prior against Randolph's heirs; that Prior has, since his purchase from Randolph, sold and conveyed, by a correct description, the land in controversy to defendant, Nickell, who, in good faith and believing he had acquired a title thereto, entered into the possession of such land, and made valuable and lasting improvements thereon to the amount of $1,025; that by reason of the premises, Nickell was in equity and good conscience entitled to the tract of land in controversy, and that plaintiff, as the survivor of her husband, holds the legal title in trust for defendant Nickell. The answer concluded with a prayer for reformation of the deed of Shroyer and wife to Randolph, for specific performance, and for other and further relief.

The portion of the answer setting up the equitable defense was successfully demurred to, and upon trial had, evidence was adduced, conducing to show a chain of title from the State of Missouri to George W. Allen, and from Allen to Shroyer and wife by deed which conveyed the property in suit to them jointly, that plaintiff was the survivor of her husband, and that Nickell was in possession of the premises.

The defendant introduced no evidence, and the court found

and rendered judgment for the plaintiff for possession of the land and for one cent damages. After an unsuccessful motion for a new trial, this cause comes here on a writ of error.

The sufficiency of the defendants' equitable defense is the only question the record presents for our consideration; and this necessitates the discussion of the following points:

First—The power of a court of equity to effectuate the reformation of a deed of conveyance where a married woman is named therein as a grantor, and more especially in the case before us.

Second—If it shall be ascertained that no such power, as applicable to the present case, exists, is the defendant in possession absolutely without redress?

Third—If not without redress, what is the measure of relief which can be afforded him?

These points will be considered in the order indicated.

The reformation of deeds and of contracts, whether sealed or otherwise, executed or merely executory, is one of the most familiar doctrines pertaining to equity jurisprudence. But it is to be observed of this power of reforming instruments, that it always has for its basis the fact that the parties thereto are capable of making a valid contract. This capability cannot be, in general, affirmed of a married woman. The only exception to this rule of incapacity, so far at least as it concerns her individual rights, is where a *feme covert* contracts with regard to her separate estate; for in respect to that, she is held a *feme sole* by courts of equity. But beyond this, the original inability to make a binding contract still exists in all its ancient vigor, save where modified by statute. It was one of the fundamentals of common law, that the contract of a *feme covert* was absolutely void, except where she made a conveyance of her estate by deed duly acknowledged, or by some matter of record; and this could only be done after private examination as to whether such conveyance was voluntarily made; and our statutory mode, whereby the deed of a married woman is executed and acknowledged, is but substitutionary of the common law method in this regard. This is the only change that our statute has wrought.

It follows as an inevitable sequence from these premises, that, aside from the exceptional case above noted, a *feme covert* is utterly incapable of binding herself by a contract to convey her land, either at law or in equity, except by compliance with the prescribed statutory forms. An attempted contract on her part is not such compliance, nor is her disappointed intention to convey clothed with those forms.

The effect of the deed from Allen to Shroyer and wife was such that the grantees in that conveyance each became seized of the entirety of the land granted, and the wife, being the survivor, took the whole estate by right of survivorship. (Gibson vs. Zimmerman, 12 Mo., 385; Garner vs. Jones, 52 Mo., 68; *Id.*, 72.)

There was then, in this case, no separate estate possessed by Mrs. Shroyer, as to which any attempted contract on her part could so operate as to be the subject of reformation. And as, aside from such separate estate, she could only make a valid contract by complying with the requirements of the statute, the legitimate conclusion must be, that a power of reformation does not exist in the present case, for the obvious and before stated reason, that there is no binding contract to furnish a basis for the operation of such power.

The deed, which Mrs. Shroyer in conjunction with her husband acknowledged, could, if possessed of any validity at all, manifestly be effectual but in one of two ways: either as a deed or a contract to convey. If as the former, then its sole effect as to her was to pass whatever of legal title she had to the land therein described, and to none other. If as a contract to convey, then its effectiveness would consist in passing her equitable interest in the land intended to be conveyed, although not mentioned in the instrument which she signed. But as a mere contract to convey, it was utterly ineffectual, by reason of the incapacity before mentioned.

The positions here taken are fully supported by the following authorities: Carr vs. Williams, 10 Ohio, 305; Johns vs. Reardon, 11 Md., 465; Martin vs. Dwelly, 6 Wend., 9 & cas. cit.; Martin vs. Hargadine, 46 Ill., 322; Knowles vs. Canley, 10 Paige Ch., 342.

Having ascertained the non-existence of the power of reformation as applicable to the facts disclosed by this record, we will discuss the remaining points, as to whether the defendant, Nickell, is entitled to any relief, and, if so entitled, in what that relief consists. In Martin vs. Dwelly, *supra*, an action of ejectment was brought for certain lands, and the defendant filed his bill in chancery, alleging among other things, that the ancestors of plaintiffs in the ejectment suit were husband and wife, and had agreed to sell to defendant, and did sell to him the land in question, (which belonged to the wife) and conveyed the same to him under their hands and seals, and upon the purchase money being paid, signed a receipt therefor, and that the defendant verily believed that the money thus paid was applied to the use of the wife. The bill concluded with a prayer for specific performance, for an injunction, and for general relief.

The deed made to defendant was not acknowledged, and the Court of Appeals and Errors held, after an exhaustive and very elaborate review of very many authorities, both in England and in this country, that the complainant was not entitled to the relief prayed for, and affirmed the judgment of the lower court, but broadly intimated that the bill might be framed with a view to the recovery of the purchase money, and granted leave to amend the bill, evidently with the design of allowing such recovery. In Valle's Heirs vs. Fleming's Heirs, 29 Mo., 152, where land had been sold by the administrator and the sale was void, but the proceeds of the sale were applied to pay a mortgage debt, with which the land was encumbered, it was held, that the heirs were not entitled to recover in ejectment until they refunded the purchase money paid at the administration sale. And I confess my inability to distinguish any difference in point of principle between the case just cited and the present one, between a benefit indirectly applied and received by the removal of an incumbrance, and one directly conferred by the payment of the value of the land.

The petition states that the purchase money was "paid to

them," *i. e.*, Shroyer and wife, showing that the wife was bene-
fited thereby to the extent of such payment; and is a
stronger expression than the averment of a belief that the
money was applied to the use of the wife.

The conclusion reached then is, that some redress can be
afforded the defendant in possession, and I extremely regret
that the measure of that redress is so inadequate, and that this
cannot, by a direct interposition, prevent this action from be-
ing successful. The only relief, however, which can be af-
forded the occupant of the land in controversy, is this : That
the judgment be reversed and the cause remanded, with di-
rections to the court below to take an account of the rents
and profits of the premises sued for, which have accrued since
the assessment thereof by that court; that to this sum shall
be added the damages already assessed ; that an account be
had and taken of the value of the permanent and lasting im-
provements made and placed by the present occupant of the
land thereon ; that a similar account be had and taken of the
purchase money paid for said land by Wm. O. Randolph to
Shroyer and wife, together with interest on said sum; that
these accounts for improvements made and for purchase money
and interest be added together and form one amount; that
plaintiff be restrained from obtaining possession of the land,
until she shall have paid to the defendant, Wm. A. Nickell, the
value of said improvements, and also the said purchase-money
and interest, diminished, however, by the amount of the rents
and profits assessed as heretofore directed. And if Mrs. Shroyer
shall have ousted the defendant, Nickell, by a writ of pos-
session before this cause shall have been returned to the court
from whence it came, such court will suitably modify the de-
cree heretofore directed to be made. And it is further direct-
ed, that the plaintiff pay the costs of both courts.

All the judges concur.