Jones, et al. v. Manly, et al:

———o———

NANCY JONES, *et al.*,Defendants in Error, *vs.* WILLIAM MANLY, *et al.,* Plaintiffs in Error.

1. *Practice, civil—Motions—Bill of exceptions—Equitable defense—New trial, motion for.*—The motion to strike out an equitable defense and the action of the court thereon, being preserved by the bill of exceptions, there is no necessity for referring to it in a motion for a new trial.

2. *Evidence—Ejectment— Waste.*—In an action of ejectment evidence of waste is admissible. (Wagn. Stat., 560, § 13.) [Lee v. Bowman, 55 Mo., 400.]

3. *Ejectment—Mansion house of deceased, possession by wife—Dower—Assignment.*—In an action of ejectment for land whereon the mansion house of the deceased is situated, the widow, to whom dower has not been assigned, has such a possessory right as will defeat the action and her right is capable of being assigned, and when assigned carries with it all the incidents belonging to it prior to its transfer.

4. *Administrator's sales—Approval by court—Record.*—Regularly the approval by the court of the report of an administrator's sale ought perhaps to be entered of record, but if no formal entry is found reciting this, it does not follow that the sale is void and liable to be overthrown in a collateral proceeding.

5. *Sales, judicial—Irregularities—Formalities.*—It is the policy of the law to uphold judicial sales and to look with leniency on minor irregularities, which do not affect nor prevent a substantial compliance with those formalities which it is always best and safest to strictly observe.

6. Valle's Heirs vs. Fleming's Heirs, 29 Mo., 152, and Shroyer vs. Nickell, 55 Mo., 264, affirmed.

*Error to Cedar Circuit Court.*

*Johnson & Buller*, for Plaintiff in Error.

1. That portion of the amended answer of the defendant, Thomas Jones, which set up the purchase of the land by him, the payment of the debts of the estate with this money, and the value of the permanent improvements made by him on the land in good faith, and claiming a lien on the land therefor, was an equitable defense. (Valle's Heirs vs. Fleming's Heirs, 29 Mo., 152; Hudgins vs. Hudgins, 6 Gratt., 320; McLaughlin vs. Daniel, 8 Dana, [Ky.] 182; Cornwall vs. Cornwall, 6 Bush, [Ky.] 367; 4 Bush., 777; Howard vs. North, 5 Tex., 351; Stone vs. Daniel, 25 Tex., 430; Townsend vs. Smith, 20 Tex., 465; McLead vs. Johnson, 28 Miss., 374; Baldwin vs. Jenkins, 23 Miss., 207; Bentley vs. Long, 1 Stroth. Eq., [S. C.] 43; 14 La., 552; Dufour vs. Compane, 11 Martin, La., 615; Moody vs. Moody, 11 Me., 247; Hoard vs. Hoard, 41 Ala., 602; Petty vs. Clark, 5 Pet., 482; Bright vs. Boyd, 1 Sto., 478; 2 Sto., 607; Reed vs. Taylor, 56 Ill., 288; Rex vs. Cracroft, McClell & Y., 460; 2 Harr. Dig., 3038; Muir vs. Daggett, 3 Blackf., 293; 7 Blackf., 268; 9 Ind., 1; 24 Ind., 264; Ritter vs. Henshaw, 7 Ia., 97; McLane vs. Martin, 45 Mo., 393; Heath vs. Daggett, 21 Mo., 69; Maguire vs. Marks, 28 Mo., 193; Wagn. Stat., 1206, § 219.)

II. That part of the answer which was stricken out, being part of the record, and the action of the court thereon having been duly excepted to, it did not require to be again called to the attention of the court by the motion for a new trial. (Bateson vs. Clark, 37 Mo., 31; Brady vs. Connelly, 52 Mo., 19; Tanner vs. Morrow, 52 Mo., 118; State vs. Matson, 38 Mo.. 489.)

III. The recital in the deed that the sale was made on the 4th day of January, 1867, and the land appraised March 2d, thereafter, did not make it void on its face. The sale was reported March 13th. The object of the appraisement is to inform the court as to the value of the property before it is called upon to approve or disapprove the sale. (Beal vs. Harmon, 38 Mo., 435.) The spirit of the law, if not its letter,

was complied with, and that was sufficient. (McVey vs. Mc-Vey, 51 Mo., 406; Lessee of Allen vs. North, 3 Ohio, 526.)

IV. The court erred in excluding the deed, because the record did not show in direct terms that there was any order of approval of the sale. (Wagn. Stat., 98, §§ 34, 35.) The approval may be inferred from circumstances. Moreover the recitals in the deed are *prima facie* evidence of the approval. (Wagn. Stat., 98, § 37.) The first declaration of law asked for by the defendants' ought therefore to have been given. (Valle vs. Fleming, 19 Mo., 454, Grignon's Lessee vs. Astor, 2 How., 319; Snyder vs. Market, 8 Watts, 416.)

V. The evidence concerning the cutting of timber was inadmissible. The petition does not charge waste. (1 Greenl. Ev., § 50.)

VI. The deed from Lydia Jones, widow of F. C. Jones, deceased, to Thomas Jones, ought to have been admitted in evidence. She had a right to retain the possession of the premises until dower was assigned to her, and the deed operated as a valid assignment of that right. (Stokes vs. McAllister, 2 Mo., 132; Gourly vs. Kinley, 66 Penn., 270.)

VII. The cases of Maguire vs. Riggin, 44 Mo., 512; Waller vs. Mardus, 29 Mo., 25, and cases cited by the plaintiff, only show that the inchoate right of dower of a married woman, in the land of her husband before his death, is not assignable.

*D. P. Stratton with W. D. Hoff*, for Respondents.

I. Administrator's sales are judicial sales. (Rorer's Jud. Sales, 6, § 10.) The rule of *caveat emptor* applies in all its vigor to judicial sales. (The *Monte Allegre*, 9 Wheat., 616; Puck vs. U. S., 4 Am. Law Reg., 459, 460; Bank vs. Ammon, 37 Penn. St., 172; Rorer Jud. Sales, 168, and cases there cited; Newler vs. Cait, 1 Ham. O., 519; Mockbee vs. Gardner, 2 Harr & G., [Va.] 176; Broom's Leg. Max., 739; Coke on Lit., 102a; 41 Mo., 289.)

II. The decision in Valle Heirs vs. Fleming Heirs, (27 Mo., 152) stands alone, is unaffirmed, and is contrary to the gen-

eral run of authority; but admitting it to be good law, it is not in point. In that case the debt paid with purchase money was secured by mortgage, and a lien on the land created by the voluntary act of the ancestor. The lien, if any, in this case is but an involuntary conditional statutory lien, which cannot be subrogated or substituted by the voluntary act of defendant.

III. Defendant has his action under the statute for value of improvements. Where there is an adequate remedy at law, equity cannot be invoked.

IV. The ruling of the Circuit Court, sustaining motion to strike out, should not be disturbed by this court, as no opportunity was given the judge below to correct his own error, if error there was, the attention of the court not having been called thereto in the motion for new trial. (Margrove vs. Assimus, 51 Mo., 558; Lexton vs. Allen, 49 Mo., 417.)

V. Administrator's sale to be of any validity must be approved by the Probate Court, and it must appear of record that such sale was approved and the statute substantially complied with. (Valle vs. Fleming, 19 Mo., 454; Jarvis vs. Russick, 12 Mo., 64; Speck vs. Wohlien, 22 Mo., 310; Strouse vs. Drennan, 41 Mo., 289.)

An approval of the sale cannot be presumed from the naked certificate of acknowledgment reciting that it was made in open court, there being no notice of the fact on the record. The court can only speak by its record.

VI. The appraisement having been made some time after the date of the sale, the deed of the administrator should have been excluded. (R. C. 1865, p. 408, § 28.)

VII. A doweress, until her dower is set off, has no property in the land which is subject of grant or assignment. (Maguire vs. Riggin, 44 Mo., 512, and cases cited; Waller vs. Mardus, 29 Mo., 25; 1 Washb. Real Prop., 2 Ed., 253.)

SHERWOOD, Judge, delivered the opinion of the court.

Ejectment for land in Cedar county. The plaintiffs, who are the minor heirs of Ferdinand C. Jones, deceased, sue by

their guardian, Lydia Jones, the widow and relict of the decedent, who died seized and possessed of the land in controversy, and was indebted also in a considerable sum. In consequence of such indebtedness the land was sold at administrator's sale, at which defendant, Thomas Jones, became the purchaser, paid the purchase money, and received a deed from the administrator on the 13th day of March, 1867.

The answer of the defendant, Manly, the tenant of defendant Jones, was a general denial; that of Jones himself was a general denial, and also contained an equitable defense, similar to that set up in Valle's Heirs vs. Fleming's Heirs, (29 Mo., 152.) This equitable defense was stricken out on motion, and in this there was error.

The doctrine, asserted in the case just cited, may well be regarded as settled in this court, and has in a recent case (Shroyer vs. Nickell, 55 Mo., 264) received our entire and cordial approval; and there is nothing in this case to distinguish it in point of principle from that of Valle's Heirs vs. Fleming's Heirs, *supra*, as it is wholly immaterial whether the lien on the real estate of the decedent be created during his life time by deed or by the operation of the statute, which creates an incumbrance on the land of the deceased to secure the creditors of the estate. And the motion to strike out the equitable defense, as well as the action of the court thereon, having been preserved in the bill of exceptions, it occupied the same footing as a demurrer, and there was no manner of necessity for referring to it in the motion for a new trial. (Bateson vs. Clark, 37 Mo., 31; State vs. Matson, 38 Mo., 489; Brady vs. Connelly, 52 Mo., 19; Tower vs. Moore, *Id.*, 118.)

On the theory on which this cause was tried in the court below, there was no error in admitting evidence touching waste, as the statute respecting actions of ejectment annexes a recovery for waste and injury as incidental to a judgment in favor of plaintiffs. (Wagn. Stat., 560, § 13; Lee vs. Bowman, 55 Mo., 400.)

As the mansion house of the deceased was on the premises in question, and as the dower of the widow had not been assigned, she had such a possessory right as would defeat an action of ejectment, and this right was capable of assignment, and when assigned carried with it all the incidents belonging to it prior to its transfer. (Stokes vs. McAllister, 2 Mo., 163; Kane vs. McCowan, 55 Mo., 181; Wagn. Stat., 542, §§ 21, 22.) The exclusion, therefore, of the deed of the widow to the defendant, Jones, was erroneous. And there was also error in excluding the deed of the administrator. This deed contained all the usual and statutory recitals in regular order, and was made at the proper term.

I attach no importance to the fact that the deed recites that the sale took place on the 4th day of January, 1867, and the appraisement on the 2d day of March next thereafter, because the deed expressly recites that the appraisement occurred prior to the sale. It may, in consequence, well be assumed that the date referred to was a mere clerical mistake.

Regularly, the approval by the court of the report of sale by the administrator ought perhaps to be entered of record. But it does not necessarily follow, that if no formal entry is found reciting this, that therefore the sale is void and liable to overthrow in a collateral proceeding. For aught that appears in the bill of exceptions to the contrary, the report of the administrator is among the files of the Cedar Probate Court, with the approval of the judge and the date of such approval indorsed thereon. But one thing is quite clear, although the plaintiffs in their researches for record entries failed to find any expressly approving the sale, yet it was ascertained that the records did show this, that on the very day the deed was made the administrator appeared, and on his application and representation that an error had occurred in the description of one forty of the land sold, that the court ordered the error in description to be corrected.

Besides this, the deed contained all the recitals requisite in such cases, was acknowledged before the probate judge himself, who was *ex officio* clerk, in open court. Under such

circumstances it would be going a great way to hold that the sale had not been approved by the court.

It is the policy of the law to uphold judicial sales, and to look with leniency on minor irregularities, which do not affect nor prevent a substantial compliance with those formalities which it is always best and safest to strictly observe.

Holding these views, the judgment must be reversed and, the cause remanded. Judge Vories did not sit; the other judges concur.