————o————

AMOS WHITELEY, Appellant, vs. ALLEN STEWART, et al., Respondents.

1. *Married woman, estate of—Mortgage—Not charge on wife's land, when.*—In an instrument in the form of an indenture conveying land held by a married woman in her own right but not her separate estate, the husband and wife were both mentioned as parties of the first part, and the deed was signed and was duly acknowledged by both ; but the name of the wife did not appear otherwise, and the husband only named as grantor : *Held*, that the instrument did not even amount to an equitable charge on her estate. As to such estate she was incompetent to contract. (Shroyer vs. Nickel, 55 Mo. 264.)

*Appeal from Pettis Circuit Court.*

Plaintiff was creditor of Allen Stewart, and grantee in the mortgage and holder of the notes attempted to be secured by it. And the controversy was between him and the purchasers under the subsequent deed of trust.

*R. P. Garrett*, for Appellant.

I. A mortgage may be foreclosed by a proceeding under the statute, or by a bill in equity. The appellant has proceeded in

the latter way, and asks no reformation of the deed but that its lien be enforced against the land embraced therein; and the fact that Elizabeth Stewart is a married woman can make no difference in this case as to appellant's right to enforce the same. A mortgage is merely a security for the debt. (Pease vs. Pilot Knob Iron Co., 49 Mo. 124; Doniphan vs. Paxton, 19 Mo. 288; Linton vs. Boly, 12 Mo. 567; Mason vs. Barnard, 36 Mo. 384; Fithian vs. Monks, 43 Mo. 502; McClurg vs. Phillips, 49 Mo. 315; Gill vs. Clark, 54 Mo. 415; Dunn vs. Raley, 58 Mo. 134; McQuie vs. Peay, 58 Mo. 56; Jones vs. Brewington, 58 Mo. 210; Carter vs. Holman, 60 Mo. 498; Blackburn vs. Tweedie, 60 Mo. 505.)

II. The co-respondents of Allen and Elizabeth Stewart are purchasers with full notice of appellant's lien. (McClurg vs. Phillips, 57 Mo. 214; Harrington vs. Fortner, 58 Mo. 468.)

III. In this case the "Dower" part of acknowledgment will be regarded as surplusage. (Seimers vs. Kleeburg, 56 Mo. 196.)

*Draffin & Williams*, for Respondent.

I. The deed in question does not convey the title of Elizabeth Stewart. It does not, even on its face, purport to do so; and should not receive such a construction. (Purcell vs. Goshorn & wife, 17 Ohio, 105; Catlin vs. Ware, 9 Mass. 218; Melvin vs. Proprietors, etc., 16 Pick. 137.)

II. Notwithstanding the name of Elizabeth Stewart is mentioned in the introductory part of the deed, and the same is signed by her, yet she does not join in the granting part, nor are there any words of grant used by her showing an intention to convey her estate. Manifestly Allen Stewart is alone the grantor, and his interest only was intended to be conveyed. There are no words of grant as to the interest of Elizabeth Stewart. (Agr. Bk. Miss. vs. Rice, 4 How. [U. S.] 225; Purcell vs. Goshorn, *supra;* Bruce vs. Wood, 1 Metc. 542; Cincinnati vs. Lessees of Newell's heirs, 7 Ohio [St.] 37; Learned vs. Cutler, 18 Pick. 382; Stevens vs. Owens, 25 Me. 94; Westhall vs. Lee, 7 Iowa, 12; Cox vs. Wells, 7 Blackf. 410; Lathrop vs. Foster, 51 Me. 367; Powell and wife vs. Monson & Brimfield Co., 3 Mas. 347; Hall vs. Savage,

4 Mas. 273 ; 1 Washb. Real Prop., 231, § 12 ; 2 Id. 584, § 20 ; Ellenman vs. Thompson, 10 Mo. 587.)

III. Plaintiff's petition admits that the deed is defective as to Elizabeth Stewart, and asks that it be reformed as to her. A court of equity cannot reform a defective conveyance by a married woman of her legal estate. (Purcell vs. Goshorn and wife, *supra;* Chauvin vs. Wagner, 18 Mo. 531 ; Huff and wife vs. Price, 50 Mo. 228 ; Carr vs. Williams, 10 Ohio, 305 ; Johns vs. Reardon, 11 Md. 465 ; Martin vs. Develly, 6 Wend. 9 ; Martin vs. Hargadine, 46 Ill. 322 ; Knowles vs. Chauby, 10 Paige Chan. 342 ; Shroyer vs. Nickell, 55 Mo. 264.)

IV. If the deed did not pass the estate of the wife Elizabeth Stewart, it would not, under any statutes, pass that of the husband. (Wagn. Stat., 935, § 14 ; Wannall vs. Kent, 51 Mo. 150.)

SHERWOOD, Judge, delivered the opinion of the court.

Allen Stewart and Elizabeth Stewart, defendants, are husband and wife. In March, 1872, in order to secure the payment of certain of his notes, made payable to plaintiff, he executed a certain sealed instrument, in the form of an indenture, whereby he purported to convey certain land held by the wife in her own right, being derived from the estate of her father. Although the wife is mentioned in the commencement of the deed, and in connection with her husband, as " of the first part," yet in the body of the deed the name of the husband alone is mentioned as grantor ; nor does the name of the wife appear anywhere in the deed otherwise than as above stated, but is signed at the bottom thereof, and the deed is duly acknowledged by both husband and wife, and placed on record on the day succeeding its execution. Others of the defendants are those who purchased the land of the wife under a power of sale, contained in a deed of trust, executed by husband and wife in a formal manner. The last mentioned conveyance is of a date about a month later than the former deed. The plaintiff sought to foreclose the mortgage, claiming in his petition that, though in consequence of the name of the wife being omitted from the granting clause, the instrument, as to her, was at law

"futile and invalid," yet that it was "nevertheless in equity, a valid mortgage upon said land." The court below took a different view and dismissed the petition, and this is assigned as error.

The ruling complained of was correct, and the authorities cited in opposition to that ruling will not be found to militate against it. In all those cases where we have held that an equitable mortgage was created, whether the instrument in question was lacking in the formality of a seal, or in filling the blank with the name of the trustee, the parties were competent to contract, and, therefore, it was held that equity would treat the imperfect mortgage as a charge on the estate mentioned therein, which would be deemed an equitable mortgage, and enforced accordingly. But a *feme covert* is not competent in respect to her land, so as to create an equitable charge thereon, save when possessed of a separate estate therein. (Shroyer vs. Nickell, 55 Mo. 264.) Here it is conceded that Mrs. Stewart had no separate estate in the land mentioned in the mortgage deed, and that deed shows on its face that she never granted the land, but that her husband was the sole grantor. The principles, therefore, which find enunciation in Shroyer vs. Nickell, *supra*, are decisive of this case; and the result reached is not in the least affected by the fact that defendants are purchasers under a deed of trust placed on record after the one already referred to, since the registry of the last named instrument only showed that the husband, and not the wife, had conveyed the land to secure the payment of certain notes.

It follows that the judgment should be affirmed. The other judges concur.