———o———

THOMAS EVANS, *et al.*, Appellants, *vs.* JACOB SNYDER, *et al.*, Respondents.

1. *Land—Title claimed under administration sale—Proof as to order of sale, what necessary.*—In ejectment for land, the title to which defendant claims under an administration sale, the failure of the record of the probate court to show an order authorizing the sale, is at law a fatal defect, and incapable of being supplied by proof *aliunde*, whether it be notice, report or approval of sale; or administrator's deed. Such order has the same relation to administration sale as a judgment does to an execution sale. But where it appears that the land was sold above its appraised value and the proceeds were applied to the relief of other lands of plaintiff, evidence of these facts will create a clear equity in favor of defendant.

2. *Equitable estoppel.*—Where they stand silently by for years, while the occupant is making valuable and lasting improvements on the property, and redeeming it from the lien of the ancestor's debts, his heirs will be estopped from afterward asserting their claim.

*Appeal from Henry County Circuit Court.*

J. B. *Gantt*, for Appellants, cited: Bompart vs. Lucas, 21 Mo. 598 ; Halleck vs. Guy, 9 Cal. 181, 195 ; Minnesota Co. vs. St. Paul Co., 2 Wall. 609 ; Doe vs. Bowen, 8 Ind. 197 ; Speck vs. Wohlien, 22 Mo. 310 ; Mitchell vs. Bliss, 47 Mo. 353 ; Fithian vs. Monks, 43 Mo. 502 ; Shriver's Lessee vs. Lynn, 2 How. 43 ; Hawkins vs. Hawkins, 28 Ind. 66 ; Babbitt vs. Doe, 40 Ind. 355 ; Frye vs. Kimball, 16 Mo. 25 ; Wagn. Stat. §§ 10, 25–27, pp. 94–97 ; Bank of Hamilton vs. Dudley's Lessee, 2 Pet. 523 ; Medlin vs. Platte Co., 8 Mo. 235 ; Milan vs. Pemberton, 12 Mo. 598 ; Valle vs. Fleming, 19 Mo. 462, 463 ; Denison vs. St. Louis Co., 33 Mo. 168 ; Stark. Ev. Mar., p. 257 ; Gray vs. Brignardello, 1 Wall. 627 ; "The Monte Allegre," 9 Wheat. 616 ; Young vs. Bowyer, 9 Gratt. 336 ; Strouse

vs. Drennan, 41 Mo. 301, 302 ; Roberts vs. Casey, 25 Mo. 581 ; Ror. Jud. Sales, §§ 487, 488, p. 177.

*B. G. Boone,* for Respondents, cited : Fry vs. Kimball, 16 Mo. 9 ; Wolf vs. Wohlien, 32 Mo. 124 ; Tutt vs. Boyer, 51 Mo. 425 ; McVeigh vs. McVeigh, 51 Mo. 406 ; Jones vs. Manly, 58 Mo. 559 ; Pattee vs. Thomas, 58 Mo. 163 ; Strouse vs. Drennan, 41 Mo. 289 ; Perry vs. Towle, 48 Mo. 148 ; Castleman vs. Relfe, 50 Mo. 593 ; Jackson vs. McGruder, 51 Mo. 55 ; 17 Mo. 442 ; Grignon's Lessees vs. Astor, 2 How. 319 ; 12 Wend. 553 ; 4 Wend. 440 ; 2 Wall. 216, 319, 340 ; 3 Wall. 396 ; 51 Mo. 406, 425 ; 55 Mo. 264 ; 18 Ohio, 179 ; 6 Grat. [Va.] 320 ; 8 Dana, 182 ; 6 Bush, 367 ; 4 Bush, 777 ; 5 Tex. 351 ; 25 Tex. 430 ; 20 Ib. 465 ; 28 Mo. 374 ; 23 Mo. 207 ; 14 Mo. 552 ; 11 Martin, [La.] 615 ; 41 Ala. 602 ; McLaughlin vs. Daniel, 8 Dana, 182 ; 3 Blackf. 293 ; 7 Blackf. 268 ; 9 Ind. 1 ; 24 Ind. 264 ; 6 Iowa, 219 ; 7 Iowa, 97.

SHERWOOD, C. J., delivered the opinion of the court.

Ejectment for lands in Henry county.    Plaintiffs claim those lands as heirs of their ancestor, William Evans, Sr., who died seized in fee, and defendants claim under an administration sale, both parties thus claiming William Evans, Sr., as the common source of title.    Plaintiffs' ancestor was indebted at the time of his death, and the lands were sold for the payment of such indebtedness.    The answer tendered the general issue, and also an equitable defense, to the effect that the lands sold were subject to the payment of decedent's debts, the personality being insufficient ; that they were sold for and applied to that purpose, thus relieving other of decedent's lands from being sold, and thus greatly benefiting his heirs.    This portion of the answer concludes with a prayer for special and general relief.    On the hearing, the court gave judgment in favor of the defendants, such as is usually rendered in actions at law, evidently holding, as shown by the declarations of law given and refused, that defendants had acquired the title.    We regard this action of the lower court as erroneous.    The proceedings touching the administration sale are sufficiently regular, except that the records of the probate court

show *no order authorizing the sale*. This was clearly shown by the testimony and admitted by the defendants. Such a defect is a *fatal* one, and incapable of being supplied by any thing else, whether consisting of a notice of sale, report of sale, approval thereof, or administrator's deed. The order of sale in cases of this sort, occupies the same relation to a sale by an administrator, that a judgment or decree does to an execution sale by a sheriff. A somewhat different result seems to have been reached in Tutt vs. Boyer (51 Mo. 425), but this was by a divided court, and even that case does not announce, in all its broadness, that an administration sale can be upheld without an order therefor whereon to base it. And if it did, we should not follow it.

But although the defendants had no legal defense to the action, by reason of the foregoing defect, yet their equitable defense is worthy of greater consideration. For the lands, though appraised at only $340, sold for $360, and the proceeds of the sale were applied in relieving other lands which the plaintiffs still retain, freed from the burden of indebtedness. This latter circumstance, although the sale was void, creates a clear equity in favor of defendants. (Jones vs. Manly, 58 Mo. 559 and cases cited.) In addition to that, this suit was not brought until November, 1873, while the sale to Peelor occurred in February 1866, and the deed was made to him, by the administrator, in May of that year. Meanwhile, Peelor has sold the lands thus bought by him, and conveyed the same by warranty deed to his co-defendant, Snyder, and the lands, wild and unimproved when bought, have been improved and cultivated, and the plaintiffs, who sue only for four-sevenths of the lands (the other three heirs being unwilling to join in the suit), have stood silently by for years, living, with the exception of one of them, in the immediate neighborhood, witnessing the defendants redeeming the lands from the lien of their ancestor's debts, and their labor enhancing the lands thus purchased.

Under such circumstances as these, plaintiffs do not occupy an attitude which entitles them to very favorable consideration by a court of equity.

In regard to the question of *laches* and equitable estoppel, we refer to our recent decisions of Landrum vs. Union Bank (63 Mo. 48), and Collins vs. Rogers (Id. 515).

As the cause was tried on the wrong theory, that of the acquisition of title at the administrator's sale, notwithstanding the fact that there was no order therefor, and declarations were given to that effect, we shall reverse the judgment and remand the cause, in order that the court below may properly examine into and adjust the equities of the case between the parties litigant, in a manner conformable with this opinion, and the authorities herein cited. All the judges concur.