GEORGE H. SCHAEFER ET AL., Appellants, *v.* WILLIAM F. CAUSEY ET AL., Respondents.

### December 9, 1879.

1. To entitle heirs to recover in ejectment against the purchaser at an administrator's sale which is void for informality, they must refund to the purchaser the purchase-money and taxes paid by him, though the heirs were minors at the time of the sale.

2. The equitable defence in such a case does not become stale, but is good against the heirs so long as a right of action remains in them.

3. Such a defence is not inconsistent with a plea of the Statute of Limitations.

4. Where the parties go to trial upon the issues made by the pleadings, without objection, it is too late after verdict to object that the answer sets up inconsistent defences.

5. Where the plaintiff in such an action claims as heir and as purchaser of all the interest of his co-heirs, claiming the entire legal estate, the decree need not specify the separate amounts to be paid each heir, but the judgment is properly *in solido.*

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

THOMAS S. ESPY, for the appellants: Inconsistent defences cannot be set up. —*Nelson* v. *Brodhack*, 44 Mo. 601; *Adams* v. *Trigg*, 37 Mo. 143. The defendants are without equity in this action, because the plaintiffs were infants at time of purchase of the land, and were not parties to the transaction. — *Roberts* v. *Casey*, 25 Mo. 584; *Strouse* v. *Drennan*, 41 Mo. 289; *Bryan* v. *Hitchcock*, 43 Mo. 531. The defendants' claim is stale, is barred by the Statute of Limitations, and equity will not relieve. — *Rogers* v. *Brown*, 61 Mo. 187; *Stevenson* v. *Saline*, 65 Mo. 425; *Sommer* v. *Railroad Co.*, 4 Mo. App. 586. The voluntary payment of taxes by the defendants gives them no claim for reimbursement. — *Allen* v. *Richmond*, 41 Mo. 309.

WILLIAM F. CAUSEY and D. T. JEWETT, for the respondents: He who asks equity must do equity. He who has the purchase-money cannot recover the property without refunding the purchase-money. — *Vallé* v. *Fleming*, 29 Mo. 152; *Shroyer* v. *Nickell*, 55 Mo. 264; *Jones* v. *Manly*, 58 Mo. 559; *Huff* v. *Price*, 50 Mo. 228; *Sims* v. *Gray*, 66 Mo. 613; *Evans* v. *Snyder*, 64 Mo. 516.

BAKEWELL, J., delivered the opinion of the court.

This is ejectment to recover a tract of several acres in extent, west of Forest Park, St. Louis. The defendants pleaded the Statute of Limitations, and also a special equitable defence. There was evidence tending to prove the facts set up in the answer as a special defence.

It appears that the defendants are the legal representatives of Trusten Polk, deceased. In 1849, one Koester, then a widower, died, leaving four children, — Marie, since

married to plaintiff Worch ; Emilie, Adolph, and Nathalie, since married to plaintiff Schaefer, — aged then, respectively, ten, seven, five, and three years. Koester, by his last will, left his property to his children in equal parts. Schulenberg, the executor, the personalty being insufficient to pay allowed demands, obtained an order to sell realty, and sold the tract in dispute and a tract adjoining. The tract in dispute was purchased by Polk at this sale, for $1,871, on May 1, 1852 ; and the purchase-money was paid. The application for order of sale was published in English in a German paper, and the report of sale was approved at the term at which the sale was made. In December, 1852, the executor made final settlement, showing $420.10 coming to each child. He became curator of these minors ; and as each one subsequently became of age, paid to them the balance which appeared to be due to each in his settlement as curator. Polk exercised acts of ownership over the land, which was covered with trees and brush ; had a neighbor to watch it for him and stick up notices against trespassers, and visited it constantly ; and paid taxes regularly from 1852, amounting in the aggregate to $1,377.60. The land was wholly unproductive. In June 16, 1877, before the institution of this suit, Marie and her husband, Emilie and Adolph, conveyed to plaintiff Nathalie, their sister, all their interest in the tract in question. It is said that the acknowledgment of Marie to the deed made by herself and her husband is defective. The deed is not set out. Before the trial, Marie and her husband, Worch, were made co-plaintiffs with the original plaintiff, the suit having been instuted originally by Nathalie and her husband alone.

The cause was tried by the court without a jury. The court found the legal title to the premises to be in the plaintiffs, and that they were entitled to possession ; and found for defendants on their equitable defence, on the ground that plaintiffs had received from defendants' ancestor, on April 30, 1852, $1,680.40, which, with interest, amounts to $4,305 ;

and that the defendants' ancestor had paid as taxes $1,-
377.60, both sums making $5,683.80 at date of decree.
And the court decreed that the plaintiffs have judgment for
possession, on payment to the defendants of this sum within
three months, with interest at six per cent. If the plain-
tiffs do not pay the sum within the time named, then title
to said land to be vested in the defendants, and judgment
to be rendered for them with costs.

That the equitable defence set up in this case was one
which the defendants may be permitted to make, is quite
settled in this State. The rule adopted in *Vallé* v. *Flem-
ing*, 29 Mo. 152, has been constantly followed. *Shroyer* v.
*Nickell*, 55 Mo. 264; *Jones* v. *Manly*, 58 Mo. 559; *Huff*
v. *Price*, 50 Mo. 228; *Evans* v. *Snyder*, 64 Mo. 516; *Sims*
v. *Gray*, 66 Mo. 613. In *Vallé* v. *Fleming*, the proceeds
were applied to the payment of a mortgage on the land;
but the Supreme Court says, in *Shroyer* v. *Nickell*, that
this is immaterial, and that no difference in principle exists
between that case, in which the benefit was received by the
payment of an encumbrance, and one in which the benefit
was directly conferred by payment of the value of the land,
and that in neither case are the heirs entitled to recover
in ejectment until they have refunded the purchase-money
paid at the void administrator's sale.

It is said that the plaintiffs in this case were minors at
the time of the sale. It sufficiently appears from the
report of the case in 19 Missouri Reports (*Vallé* v. *Flem-
ing*, 19 Mo. 454) that the plaintiffs in that case were also
minors at the date of the void conveyance. The principle
involved is not affected by that circumstance.

It is contended that the equitable defence in this case is
stale. That cannot be. Defendants could not defend until
they were attacked. If that were important, it is in evi-
dence that Polk, before his death, commenced proceedings,
ineffectually, to validate his deed. But it is unimportant.

The defence, if good at any time, was always good whilst a right of action remained in any of the plaintiffs.

It is said that the equitable defence is inconsistent with the plea of the Statute of Limitations. But this is not so. The test of inconsistent defences is that the proof of one disproves the other. The fact that defendants have had adverse possession for ten years continuously next preceding the action, claiming under the administrator's deed, does not disprove the allegation that they paid the purchase-money to the legal representative of plaintiffs, in good faith, in consideration of which they received from him a deed believed at the time to be valid and effectual, but which, owing to informalities in the proceedings in the Probate Court, was not effectual to pass the title. The plaintiffs filed a replication, and went to trial on the issues made by the pleadings; and this objection to the pleadings, even were it well taken, comes too late.

It is contended that plaintiffs ought not at least to be compelled to refund the taxes paid, as a condition of recovery, since that payment was voluntary, and was unsolicited on part of plaintiffs. The payment of these taxes was the removal of an encumbrance on the land, and the principle adopted by the Supreme Court in the cases above cited — which doctrine, to use the language of Judge Sherwood in *Jones* v. *Manly*, 58 Mo. 563, has received " entire and cordial approval " from that court — covers money paid to remove an encumbrance, for which the land itself was liable. If these taxes had not been kept down by Polk, the property would probably have been lost to the heirs. At any rate, to preserve it, they must have paid the taxes, with an added penalty.

It is insisted that the judgment is erroneous because heirs are chargeable only distributively and *pro rata* when proceeded against on account of assets received from their ancestor, and this judgment is *in solido*. We do not see

what this has to do with it. The claim of plaintiffs in their petition is, that this property belongs to plaintiff Nathalie alone. She appears to have bought out the other heirs. We may conjecture that the reason that Mrs. Worch was made a co-plaintiff after the institution of the suit was, that plaintiffs considered the deed from her of doubtful validity. But the petition is not amended. Mrs. Worch, on the pleadings, does not appear to be entitled to any judgment in her favor. There is no judgment here against the heirs of Koester. Those who take the property under this judgment, take it *cum onere*, and even if Mrs. Schaefer and Mrs. Worch are entitled to the whole property as tenants in common, there is no reason why the order as to the repayment to the heirs of Polk should have been made distributively. Supposing plaintiffs entitled to recover on the pleadings and evidence, the decree does not seem to be objectionable in form in that it fails to specify the separate amounts to be paid by each plaintiff.

It is too late now to inquire whether the doctrine of Judge Scott in his dissenting opinion in *Vallé* v. *Fleming's Heirs*, or that adopted by the court and constantly maintained in this State from that time, is the better rule. This being so, and this case falling fully within the rule established, that the heirs cannot recover in ejectment until they refund the sums received from the purchaser at a void administrator's sale, and paid by him to extinguish encumbrances upon the property, we see no error in this record to warrant a reversal of the judgment, and it is therefore affirmed. All the judges concur.