SCHAFER et al., Appellants, v. CAUSEY.

Void Administrator's Deed: EQUITIES OF GRANTEE FOR RE-IMBURSE-MENT. If an administrator's deed fails to pass title by reason of a defect in the proceedings on which it is founded, the heirs of the intestate will still not be permitted to recover the land without reimbursing the purchaser for the purchase money and any taxes paid by him, with interest on both.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

This was an action of ejectment brought by plaintiffs as heirs of Ernest Koester. Defendants claimed title through a sale and conveyance made by Schulenberg as administrator of Koester, at which sale defendants' ancestor, Trusten Polk, purchased. In their answer defendants pleaded that it was believed that the administrator's deed did not pass the title because the notice of the sale was published in a German newspaper, and the sale was approved at the term of court during which it was made; and then set forth that a small part only of the purchase price paid by their said ancestor had been used to pay debts

of the estate of said Koester; that the greater part had been paid over to his heirs, the present plaintiffs, (or rather to their guardians, for they were minors at the time,) and that the defendants and their said ancestor had ever since the said administration sale paid the taxes upon the land; that the land was wood-land and had never yielded any rent or income; and they prayed that if the court should decide that defendants had not the legal title to the land, then defendants should be adjudged to have an equitable defense to the extent of the purchase money and taxes so paid and interest on the same, and that plaintiffs should be ordered to pay defendants said purchase money and interest before they should have judgment for possession.

There was a trial before the court without a jury, and the court found for the plaintiffs upon the question of title and for the defendants upon their equitable counter-claim, and adjudged that the plaintiffs should have execution for possession upon payment to defendants within three months of the purchase money and taxes with interest; but if plaintiffs should not pay said sum within that time, then the title should be vested in defendants, and judgment should be rendered for them against the plaintiffs with costs. From this judgment the plaintiffs appealed to the St. Louis court of appeals, where the same was affirmed, and plaintiffs then appealed to this court.

*Thomas S. Espy* for appellants.

*Wm. F. Causey* and *D. T. Jewett* for respondents.

SHERWOOD, J.—The conclusion reached by the trial court as well as that of the St. Louis court of appeals, applied to the facts in evidence the familiar principles heretofore announced by this court in the cases of *Valle v. Fleming*, 29 Mo. 152; *Shroyer v. Nickell*, 55 Mo. 264; s. c., 67 Mo. 589; *Jones v. Manly*, 58 Mo. 559; *Huff v. Price*, 50 Mo. 228; *Evans v. Snyder*, 64 Mo. 516. And the payment of taxes on the land bought at the void administration

sale, falls as clearly within the principle announced in the cases cited, and entitles the purchaser at such sale to the same measure of equitable relief as for the purchase money itself, since in either instance the heir suing for the land has reaped a similar benefit from the payment. As the defendants filed no motion for a new trial, and have not appealed, we are precluded from giving any opinion on the validity of the administration sale, but we see fit to mention the point here, in order to avoid any misconception of our views.

For the foregoing reasons we affirm the judgment. All concur.