Okey, J.
The judgment or final order of a court having jurisdiction of the subject matter and parties, however erroneous, irregular or informal such judgment or order may be, is valid until reversed or set aside; and, however the rule may be in other states (Thompson v. Whitman, 18 Wall. 457), where the judgment or order of a court of general jurisdiction in this state contains a finding that there was jurisdiction, and such finding is consistent with other parts of the record, the judgment or order is protected from collateral attack (Cullen v. Ellison, 13 Ohio St. 446; Scobey v. Gano, 35 Ohio St. 550); within which rule the orders of probate courts are classed. Shroyer v. Richmond, 16 Ohio St. 455. If the judgment or order is erroneous, it may be reversed; if it is irregular or informal, it may be corrected on motion ; in neither case, however, is it subject to collateral attack. But if the court in fact had no jurisdiction of the subject-matter, whether *367 the case be in rem or in personam, or, in cases in personam, of the parties, and there is no finding of the court that it had jurisdiction of the parties, any judgment or order which may be rendered, however regular the same may be in matter of form, is a mere nullity, and may be so treated in a collateral as well as in a direct attack. The distinction is between a case where the court is clothed with power to act, in which case a judgment or order is valid, though it may be erroneous or irregular, and a case in which there was no power to act,' in which case a judgment or order rendered on the assumed existence of such power, is a nullity. Plain as this distinction seems to be, there is sometimes difficulty in applying it.
The homestead act of 1850 (2 S. & C. 1145, Rev. Stats. § 5435 eb seq.), after providing the manner in which an officer holding an execution should set off to the debtor, his wife or ■ widow, a homestead in his lands, further provided (§ 2), where such homestead was set off, that, except as otherwise provided in the act, “if no complaint be made by either party, no further proceedings shall be had against the homestead ; but the remainder of the debtor’s lands and tenements, if any more he shall have, shall be liable to sale on execution, in the same manner as if this act had not passed.” And by the act (§ 3) it was further provided as follows : “ On petition of executors or administrators to sell the lands of any decedent to pay debts, who shall have left a widow and a minor child or children, unmarried and composing part of the decedent’s family at the time of his death, the appraisers shall proceed to set apart a-homestead, in the same manner as is provided in the preceding section; and the same shall remain exempt from sale on execution for debts contracted after the taking effect of this act, and exempt from sale under any order of such court, so long as any unmarried minor child or children shall reside .thereon.”
A fair construction of these provisions requires us to say that the orders directing and confirming the sale of the property set off, though subject to the homestead, were not merely voidable but void. There was no jurisdiction of the subject *368 matter, as the power to make such sale, daring the existence of the homestead, was denied. Rorer’s Judical Sales (2 ed.) § 667; Freeman on Ex. § 215; Freeman’s Yoid Jud. Sales, § 35 ; Thompson on Homestead, § 390 ; Diehl v. Friester, 37 Ohio St. 473. And as George Wehrle, on the issues, could recover not on the weakness of the title of the widow and sons, but only on the strength of his own title, it follows that judgment was properly rendered against him.
According to Taylor v. Thorn, 29 Ohio St. 569, the exec- • utor is now entitled to an order for the sale of the property which was set off as a homestead, if there are existing debts ; and there is reason and authority for saying that George Wehrle, whose money was applied to the payment of debts of the creditors, may be subrogated to the creditor’s rights, and be entitled to demand that the property shall be sold to reimburse him. Scott v. Dunn, 1 Dev. & Bat. Eq. 427, s. c., 30 Am. Dec. 174, 177, note; Springs v. Harven, 3 Jones Eq. 96; Hudgin v. Hudgin, 6 Gratt. 320; McGee v. Wallis, 57 Miss. 638; Valle v. Fleming, 29 Mo. 152 ; Schafer v. Causey, 76 Mo. 365; Herron v. Marshall, 5 Humph. 443, s. c., 42 Am. Dec. 444; Caldwell v. Palmer, 6 Lea. 652; Riddell v. Roll, 24 Ohio St. 572; Eudel v. Liebrock, 33 Ohio St. 254; Sidener v. Hawes, 37 Ohio St. 532; Rev. Stats. §§ 5410, 5411 ; cf. Salmond v. Price, 13 Ohio. 368, s. c., 30 Am. Dec. 177. But we have neither the necessary parties nor the facts to warrant the granting of any such relief in this case.
-, Judgment affirmed.