JEFFERSON L. RAY, Plaintiff in Error, *v.* WILLIAM CROUCH ET AL., Defendants in Error.

### May 3, 1881.

1. Where a married woman substantially describes the contents of a deed to the officer taking her acknowledgment, he need not state its contents to her.

2. In an action by a married woman to avoid her deed for insufficient acknowledgment, the burden is upon her to disprove, by clear and conclusive evidence, the *prima facie* case made by the certificate of acknowledgment.

3. The law imposes upon an officer before whom the acknowledgment is taken no duty of explaining to a married woman the condition of her title, unless by special covenant made a part of the deed.

4. Bad grammar will not vitiate a deed, properly executed.

5. A married woman's capacity to convey, and the effect of her act is tested by the law in force when she executes the deed, and not by that in existence when she acquired the property.

ERROR to the Lincoln Circuit Court, EDWARDS, J.
*Reversed and remanded.*

NORTON, MARTIN & DRYDEN, for the plaintiff in error: The deed of trust was executed and acknowledged according to the requirements of the statute. — *Chauvin* v. *Wagner*, 18 Mo. 531; *Bohan* v. *Casey*, 5 Mo. App. 101. There was no evidence that the wife signed the deed under compulsion or undue influence. — *Holmes* v. *Hill*, 19 Mo. 159; *Claflin* v. *McDonough*, 33 Mo. 412; *Wright* v. *Remington*, 12 Vroom, 48.

McKEE, McFARLAND & BONFILS, for the defendants in error: The certificate of the notary is only *prima facie* evidence, and may be inquired into. — *Sharp* v. *McPike*, 62 Mo. 300. The officer taking the acknowledgment must explain to the wife the nature of the deed. — *Wanell* v. *Kem*, 57 Mo. 482; *Bohan* v. *Casey*, 5 Mo. App. 101. The defendant is not a grantor in the body of the deed. — *Whitley* v. *Stewart*, 63 Mo. 360; *Shroyer* v. *Nickell*, 55 Mo. 264; *Ellenmann* v. *Thompson*, 10 Mo. 587. The wife, in

executing a deed of trust on her land, with her husband to secure a debt of the latter, occupies the position of surety towards him. — *Wilcox* v. *Todd*, 64 Mo. 388 ; *Pfeiffer* v. *Kingsland*, 25 Mo. 66 ; *Williams* v. *Williams*, 67 Mo. 661. A promise to pay the debt of another, although in writing, must be founded upon a sufficient consideration. — *Cook* v. *Elliott*, 34 Mo. 586.

LEWIS, P. J., delivered the opinion of the court.

This is an action of ejectment. As the record now appears, the plaintiff's right to recover depends upon the validity of a deed of trust executed on February 20, 1871, by William Crouch, and Jane, his wife, to Thomas G. Hutt, trustee, conveying the land in controversy to secure an indebtedness of William Crouch to C. W. Parker. The land belonged to the wife. It is claimed for the defence that her acknowledgment was not properly taken, although certified in due form.

Mrs. Crouch said in her testimony : " I remember when Mr. Wheeler (the notary) came to take the acknowledgment to the deed of trust in favor of Parker. I told Mr. Wheeler I was forced to sign it. My husband had told me the property would be sold, and I would have no home. I signed it to raise money to pay my husband's debts. I signed it against my will. Mr. Wheeler did not explain anything to me. He read something to me ; but I do not remember what it was. * * * The property in controversy was deeded to me by my father. I thought the title was in me for my life, and that then it would go to my children. * * * I knew the instrument was a mortgage to get money on. Mr. Wheeler did not tell me what the instrument was. I don't think he did ; I am not positive, though. * * * I thought I was signing the deed to get money to pay Mr. Crouch's debts. I did not think anything about what effect it would have on the land. * * * I thought if I signed the deed I would sign away my right. I thought,

of course, if the money was not paid the land would be sold, but I did not think it would cut my children out."

The notary testified thus : "I went out to Mrs. Crouch's, and entered the room. She appeared very angry. The first remark she made was, ' I know what you have there ; it is a mortgage on my farm to Parker, and I am not going to sign it.' I sat down, and after some further consideration, she said : ' People have to do things sometimes they don't want to do.' I told her that unless she signed the deed freely and voluntarily she need not sign it at all. After a little while, she said : ' Give it to me,' or ' let me have it ; I will sign it.' I let her have it, and she signed. * * * I either read or repeated to her the acknowledgment. I recollect perfectly that she said it was a deed of trust or mortgage on her land, to Parker, or Parker & Co. * * * I read or repeated the acknowledgment to her, and she assented to it, and gave me to understand that she did it willingly. * * * From what she stated to me I was satisfied that she knew what the instrument was, and understood it. But I did not explain the contents of the deed to her."

Plaintiff prayed the court to declare the law, by way of instruction, to the effect that if at the time when Mrs. Crouch signed and acknowledged the deed she knew what were its contents, and that it was a deed of trust on her land here in dispute, to secure the debt mentioned therein, then it was not necessary for the notary to read over or explain to her the contents of the deed. This instruction was refused, and the court gave judgment for the defendants.

We cannot reconcile this refusal with the statute and its authoritative interpretations. The statute requires that in taking the acknowledgment of a married woman, "she shall first be made acquainted with the contents of such instrument." Wag. Stats. 275, sect. 13. If she already knows the contents, it is not only unnecessary, but impossible, for her to be made acquainted with them by the

notary. *Bohan* v. *Casey*, 5 Mo. App. 101. It is, of course, not sufficient for her to say, in general terms, that she knows the contents, because her knowledge, or what she supposes to be such, may be erroneous. But when she adds to such a statement a substantial description of the contents, nothing more can be necessary to show that she has been "made acquainted" with them. It is not in any case essential that she be informed of every word, sentence, and formality contained in the instrument.

The officer's certificate is *prima facie* evidence of Mrs. Crouch's acquaintance with the contents when she signed the instrument. The burden of proof is on her to show her ignorance of them, in some material particular, by clear and conclusive evidence. Has she done this? If so, by whom? Not by the notary. After a lapse of nine years, when he cannot be expected to remember every word that was uttered in the interview, or to recall much beyond general impressions, he testifies that, in the very beginning, Mrs. Crouch declared correctly the character of the deed, and her unwillingness to sign it. This indicates a previous information, imparted to her by some one, with a canvassing of the merits or demerits of the deed, at least in her own mind. He says further, that from what she stated to him, he was satisfied that she knew what the instrument was, and understood it. Surely, this does not rebut the certificate. Neither does his testimony to the effect that he omitted to read or explain the deed to her; for the law does not require either when the officer perceives that the woman is familiar with its contents. Nor is the certificate disproved by Mrs. Crouch's testimony, for this does not affirm her ignorance of anything whatever in the contents of the deed she was signing. It distinctly confines her want of knowledge or accurate information in the premises, to the state of the title.

But it is said that the instruction was properly refused, because Mrs. Crouch had been misinformed as to the nature

and extent of her own title, and the officer failed to apprise her of what she really held, and what would, therefore, be conveyed by the effect of her deed. The statute requires nothing of the sort. The title of the grantor is no part of the contents of the deed, unless it be made so by some special covenant. Mrs. Crouch declared her knowledge, in effect, that in signing the deed she would sign away her right, whatever that might be, and that if the debt should not be paid, the land would be sold. It is always a fair presumption that the holder of a title knows the extent of his rightful claim ; but if he does not, and there is no fraud or imposition, his ignorance will furnish no ground for an invalidation of his deed. The law imposes on an officer taking the acknowledgment of a married woman, no duty to inform her whether the title of the land, in whole or in part, resides in her or in her children. To do this, it would be necessary for him first to examine the records, and perhaps to take a legal opinion, before he could certify a valid acknowledgment. Grantees must, to a certain extent, take the risk that what the officer legally certifies to is true ; but the legal certificate contains nothing concerning the married woman's acquaintance with her own title ; and to create a new risk in this connection would be to make the present authoritative certificate practically worthless. If there be' fraud or duress, or coercion by the husband, a distinct cause may be thus furnished for invalidating the deed. But no such case is presented here. It is not claimed that the taking of Mrs. Crouch's acknowledgment failed of any of the statutory particulars, otherwise than is assumed with regard to her ignorance of her own title, and the notary's failure to inform her that a conveyance of her right would carry the entire property. The instruction which the court refused was framed upon a hypothesis that she was acquainted with the deed and its contents in all other particulars, including " the debt mentioned therein ;" and it is not pretended that the refusal was based upon any failure

in the proofs that she was sufficiently informed with regard to them. Mrs. Crouch's answer, in this connection, does not attempt to rebut the *prima facie* case made by the certificate of acknowledgment, otherwise than by the allegation that, in signing the deed, she supposed she signed " only her dower interest in the undivided one-fifth part of said real estate." Her own testimony, however, goes farther than this, showing that she knew she was conveying her entire right.

It appears from a written opinion, carefully prepared by the learned judge before whom this cause was tried, that all the other points raised on either side were considered as entitled to no serious attention ; and we are of the same opinion. No equity can validate a deed which, by law, is wholly void for want of execution. Where it unquestionably appears in a deed who are the grantors and who executed it, intending to be such, a little bad grammar will not annul their act. In *Whiteley* v. *Stewart*, 63 Mo. 360, the name of the husband alone appeared as indicating the grantor. Of course the wife could not there be a grantor ; because the husband's name, standing singly, could not, by any possibitity, include hers. But here, the expression, " party of the first part " is used. This must mean somebody. If it does not mean the wife, neither does it mean the husband ; for both appear on an equal footing, as " parties of the first part," in the beginning of the deed. If it does not mean either alone, it means both ; for nothing can be assumed of the one that does not equally apply to the other. The expression, therefore, either is meaningless or it intends to designate — in ungrammatical form it may be — both the husband and the wife. It cannot be supposed that the parties intended the words to convey no meaning whatever. Upon another point, it is sufficient to say that a married woman's capacity to convey, and the effect of her act, must be tested by the law in force when she executes the instrument, and not by that which existed when she

acquired the title. For error in the refusal of the plaintiff's first instruction, the judgment must be reversed and the cause remanded. All the judges concur.