HENDERSON *et al., Appellants,* v. LANGLEY.

**Ejectment:** ALLOWANCE TO DEFENDANT FOR IMPROVEMENTS. If a defendant in ejectment claiming under a stranger to the plaintiff's title, fails in his defense, he can obtain the value of any improvements he has made only in the manner provided by the statute, (R. S. 1879, §§ 2259, 2260, 2261,) *i. e.,* by petition after final judgment for possession. A clause in that judgment, ascertaining the value of the improvements and requiring plaintiff, within a time limited, to pay them, and in default of payment directing a special execution against the land to issue therefor, is unauthorized.

*Appeal from McDonald Circuit Court.*

REVERSED

*Harding & Buller* for appellants.

It was gross error to render judgment for the value of the improvements, and attempt to enforce it by execution. The law only contemplates a stay of execution until the prevailing plaintiff pays for the improvements. *Russell v. Defrance,* 39 Mo. 506; *Malone v. Stretch,* 69 Mo. 25. And there must be an independent proceeding. R. S., §§ 2259, 2260, 2261.

*C. W. Thrasher* and *H. C. Young* for respondents.

1. Equitable liens in favor of defendant, including taxes paid on real estate, may be set up in the answer and adjusted in a suit in ejectment. *Jones v. Manly*, 58 Mo. 559; *Evans v. Snyder*, 64 Mo. 516; *Sims v. Gray*, 66 Mo. 613; *Shroyer v. Nickell*, 55 Mo. 264; *Mobley v. Nave*, 67 Mo. 546. *Napton v. Leaton*, 71 Mo. 358, is not in conflict with these cases, that case only deciding that a party without any color of title cannot, by paying taxes on land, compel the owner to refund them to him before recovering in ejectment.

2. The value of improvements made by defendant in good faith, believing he has a good title to the real estate, may also be adjusted in a suit in ejectment. *Smith v. Phelps*, 63 Mo. 585; *Fenwick v. Gill*, 38 Mo. 510; *Shroyer v. Nickell*, 55 Mo. 264. The law will not require multiplicity of suits to settle a controversy between parties when all can be settled in one. When a court of equity once acquires jurisdiction of a matter, it is competent to determine all the equities between the parties. And the court can as well determine equities created by statute as those arising according to the practice of courts of equity.

Hough, J.—This is an action of ejectment. The circuit court, after hearing testimony as to the title, also heard testimony as to the value of improvements, which defendant alleged in his answer had been put upon the land by him in good faith and under the belief that he had a good title to the land, and also as to the amount of taxes paid by him while in possession thereof, and thereupon rendered judgment for the plaintiffs for the possession of the land, and also decreed that the plaintiffs should pay the defendant the sum of $485, (that being the excess in value of the improvements and taxes over the damages and rents,) and in default of the payment thereof, within one year, that special execution should issue therefor and the land in

controversy be sold to pay said sum. From this judgment the plaintiffs have appealed.

It has been repeatedly held by this court that when it appears in an action of ejectment, that the defendant has purchased land from the plaintiff, or in administration proceedings, or at sales under mortgages, and has paid the purchase money, entered into possession and made improvements in good faith, but failed to obtain the legal title intended to be sold, and could not have specific performance the owner of such legal title, or his grantee having notice of such facts, will not be permitted to eject such purchaser without accounting for the purchase money and paying for the improvements made. *Shroyer v. Nickell,* 55 Mo. 264; *Evans v. Snyder,* 64 Mo. 516; *Sims v. Gray,* 66 Mo. 614; *Mobley v. Nave,* 67 Mo. 546. But where, as in the case at bar, the defendant enters into possession under a stranger to the title of plaintiff, in order to obtain the value of any improvements made by him, he must proceed as provided by sections 2259, 2260 and 2261 of the Revised Statutes. The claim for improvements made under the sections cited cannot be presented or heard in the action of ejectment. It is intended to be an independent proceeding, and can only be instituted after final judgment of dispossession shall have been rendered against the defendant in the suit of ejectment. *Russell v. Defrance,* 39 Mo. 506; *Malone v. Stretch,* 69 Mo. 25.

The judgment will be reversed and the cause remanded with directions to the circuit court to enter up an ordinary judgment in ejectment against the defendant, and he may then prefer his claim for improvements and be heard thereon in pursuance of the statute. All the judges concur.