THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant*, v. SHORTRIDGE *et al.*

Ejectment : RECOVERY FOR IMPROVEMENTS. Defendant made application to plaintiff to purchase land of the latter, paid the cash installment, and was put into possession by plaintiff and made improvements by its authority, pending the consideration of the application. The application was finally rejected, and upon the bringing of ejectment for recovery of possession by plaintiff, defendant pleaded the facts and asked that he be allowed the value of his improvements. *Held*, that defendant was entitled to plead any equitable lien growing out of the application, and the assurances given in connection with it, and to recover the value of his improvements and have the amount adjudged a lien, and was entitled to an order restraining plaintiff from issuing execution for possession till the amount was paid.

*Appeal from Macon Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*Strong & Mosman* and *Geo. W. Easley* for appellant.

(1) No judgment or decree of dispossession having been given at the time of filing of the answer, no right of action for the recovery of the value of the improvments had accrued to Shortridge. R. S., sec. 2259. (2) This proceeding, if maintainable, entirely abrogates all the provisions of the occupying claimants' law. R. S., secs. 2259, 2266. (3) In no event could the court below render an absolute and unconditional judgment for the value of the improvements and enforce such judgment by execution. *Russell v. De France*, 39 Mo. 506. In no case has a direct money judgment ever been given in such a case in this court. *Shroyer v. Nickell*, 55 Mo. 264 ; *Henderson v. Langley*, 76 Mo. 226. The statute giving the right to recover the value of the improvements is a repeal of the equitable mode of recovery in force prior to the adoption of the statute.

*James Carr* for respondents.

(1) Independent of any statute on the subject, respondent had the right to set up his claim for the value of the improvements which he had put upon the premises in good faith, and before notice of the rescission of the contract under which he had entered. Story's Eq., sec. 64 *k ; Paris v. Haley*, 61 Mo. 454. (2) The practice act expressly provides for setting up a counter-claim in the following language : "The answer of the defendant shall contain * * * ; second, a statement of any new matter constituting a * * * counter-claim, in ordinary and concise language, without repetition." R. S., sec. 3521. It is sufficient if the defendant's right to the damages relied on as a counter-claim grows out of

a contract between him and the plaintiff. *Empire
Transp. Co. v. Boggiano*, 52 Mo. 296; *McAdow v. Ross*,
53 Mo. 199. If the appellant was not satisfied to have
all the equities between it and the respondent, Short-
ridge, settled in this suit upon the issues made on the
counter-claim, it should have either demurred or moved
to have the counter-claim stricken out, instead of filing
a reply to said counter-claim, and thereby joining issue
and going to trial upon that issue. *Mason & Craig v.
Heyward*, 3 Minn. 182; *Whalon v. Aldrich*, 8 Minn.
346. It has always been held that the defendant, when he
has entered into possession under a contract with the
plaintiff, can maintain a counter-claim for the value of
the improvements put upon the land, in good faith.
*Henderson v. Langley*, 76 Mo. 226; *Mobley v. Nave*, 67
Mo. 546; *Shroyer v. Nickell*, 55 Mo. 264.

BLACK, J.—This was ejectment for eighty acres of
land. On February 18, 1880, the defendant Shortridge
made application to Walker, defendant's local agent at
Macon, for the purchase of the land. The application
was in writing and stated the terms of the sale to be on
six years' credit, one-fifth down. The application was
forwarded to Mr. Price, land commissioner at Hannibal,
who withheld his approval for a time, only to investigate
the claims of Otis to the land, and so wrote to Walker,
who informed defendant and assured him that Otis had
no valid claim.

Defendant purchased the land, or made the applica-
tion for the purchase, for the purpose of building upon
it at once. He paid to Walker the cash installment, and
was by Walker put into possession, and at once made
improvements on the land, including the erection of a
house. Defendant saw Mr. Price at Hannibal, from the
twentieth to the twenty-fifth of February, 1880. Mr.
Price informed him of the cause of the delay, but told
the defendant to go on and improve the land. After-
wards, Mr. Price discovered that this land was of a class

which he had been directed not to sell, and for this reason he disapproved the application, of which defendant was notified, but in the meantime he had completed the house. Defendant, in substance, pleaded these facts and asked to be allowed the value of the improvements. Plaintiff had judgment for possession. Defendant was awarded the value of his improvements, from which the plaintiff appealed.

Under these circumstances, the defendant was entitled to recover the value of his improvements in some form of action, and this does not appear to be seriously denied; but it is contended that he could only do this under the occupying claimant's statute. Sec. 2259, etc., R. S. If this be correct, then the judgment or decree in the defendant's favor cannot be sustained, for the proceeding indicated by those sections can only be resorted to after there is a final judgment of dispossession. *Malone v. Stretcher*, 69 Mo. 25; *Henderson v. Langley*, 76 Mo. 226. But here, the defendant went into possession and made the improvements by authority of plaintiff, and does not hold adversely to it, but under and by authority from it. Had the application for the purchase of the land been approved, so as to be a binding contract, he could have pleaded that as an equitable defence to the ejectment suit. In like manner he may plead any equitable lien growing out of the application, and the assurances given him in connection therewith. His equities may be adjusted on his answer in this case. *Valle's Heirs v. Fleming's Heirs*, 29 Mo. 152; *Shroyer v. Nickell*, 55 Mo. 264; *Mobley v. Nave*, 67 Mo. 546; *Sims v. Gray*, 66 Mo. 613.

It is true, the decree in defendant's favor was for money only, when he might well have had the amount adjudged a lien and an order restraining defendant from issuing execution for possession until that amount was paid, but he does not complain, and we think the judgment should not be reversed. Affirmed. All the judges concur.