PATILLO, Respondent, v. MARTIN et al., Appellants.

St. Louis Court of Appeals, July 5, 1904.

1. EJECTMENT: Action for Improvements:. Purchase-money.
Where it appears in an action of ejectment that the defendant
had purchased the land from the plaintiff, or in administration
proceedings, or at a sale under a mortgage, and had paid the
purchase-money, entered into possession and made improve-
ments in good faith, but failed to obtain legal title and could
not have specific performance, the owner of such legal title, or
his grantee having notice of such facts, will not be permitted to
eject such purchaser without accounting for the purchase-
money and paying for the improvements made.

2. ———: ———: ———: Equity. It is a doctrine of equity that
an innocent purchaser of lands for a valuable consideration,
without notice of any infirmity in his title, is entitled to full
remuneration for his permanent improvements that add value
to the lands, for taxes paid thereon and the purchase price
therefor, when such purchase price has gone to extinguish any
lien or charge against the land created by law or by the owner,
and that such improvements, etc., are a lien against the land
which the owner is bound to discharge before he is entitled to
possession.

3. ———: ———: ———: ———: Estoppel. The defendant in
ejectment is not estopped, by failing to plead his equity in the
ejectment suit, from asserting it in an independent action while
he is yet in possession of the land.

4. ———: ———: ———. Such an action brought for the pur-
chase price, improvements and taxes, is not brought un-
der sections 3075 and 3076, Revised Statutes of 1899, because
only the question as to improvements can be adjudicated in a
suit brought under those sections.

Appeal from Ozark Circuit Court.—*Hon. Asberry
Burkhead,* Judge.

AFFIRMED.

*Boone & Harrison* for appellants.

(1) The court erred in striking out the appellants' answer. The appellants undoubtedly had the right to ask the court leave to relinquish the land to the occupying claimant, and to recover the value thereof, aside from the improvements, and the appellants having filed their answer asking to relinquish their right to the occupying claimant, it was the duty of the court to ascertain the value of the land, and if the value of the improvements exceeded that of the land, it should have ordered the occupying claimant to take the land and pay the ascertained value aside from the improvements, and in case of default in the payment that the appellants take the land discharged from all claims of such occupying claimant. R. S. 1899, secs. 3075 and 3076; Cox v. McDivit, 125 Mo. 358, 28 S. W. 597; Stump v. Hornback, 94 Mo. 26, 6 S. W. 356; Marlow v. Liter, 87 Mo. App. 584. (2) Appellants, by their answer, admit that the occuping claimant had placed improvements on the land to the value of $1,125, and alleged that the land was worth four hundred dollars aside from the improvements, and the motion to strike out appellants' answer, being the same as demurrer, admits every material allegation stated in said answer, and therefore, we contend that the appellants are entitled to judgment on the pleadings for the sum of $400, the amount ascertained by the pleadings. Newton v. Newton, 162 Mo. 173, 61 S. W. 881; Goodson v. Goodson, 140 Mo. 206, 41 S. W. 737; Shields v. Johnson County, 144 Mo. 76, 47 S. W. 107.

*A. H. Livingston* for respondent.

(1) The court on motion struck out that portion of appellant's answer that offered to relinquish to respondent the land on payment of its value. This presents but one well-defined legal proposition, and appellants have misconceived the law of the case. The defense pleaded and stricken out is good in one class of

cases, but not in this. The statutory remedy and right to compensation for improvements made in good faith by a defeated defendant in ejectment applies only where he holds under a stranger to the plaintiff's title. Henderson v. Langley, 76 Mo. 226; Railway v. Shortridge, 86 Mo. 662. (2) The case at bar comes not under the statute, but under a well-recognized rule of equity. Respondent in the ejectment suit did not claim title under a stranger to appellants but held under them through an administrator's sale on the estate of their ancestor. Such sale being held void in the ejectment suit in favor of the heirs, respondent has an equity for the return of the purchase-money with interest and reimbursement for the benefit received by the heirs and the improvement which enhance the value of land. This equitable right is administered upon the theory that the title has not passed from the purchaser by the sale; but that he has a charge on the land for his outlays and improvements made in good faith. This has been the law in such cases every since the case of Valle v. Fleming, 29 Mo. 152. This right to purchase-money, taxes and improvements is applied to any and all cases where the defendant in ejectment holds under the plaintiff by any kind of sale, contract or proceeding, and his legal title is held void at the instance of those under whom he claims. Henry v. McCurley, 78 Mo. 416. (3) This equity extends to taxes paid as well as purchase-money and improvements made in good faith and the heirs of the intestate will not be permitted to recover the land without reimbursing the purchaser for his outlays. Schafer v. Causly, 76 Mo. 365; Shroyer v. Nichols, 67 Mo. 589; Given v. Manly, 58 Mo. 559; Huff v. Price, 50 Mo. 258; Evans v. Snyder, 64 Mo. 516.

BLAND, P. J.—Omitting caption, the petition is as follows:

"Plaintiff for his cause of action states that defendants herein instituted suit in ejectment against

said plaintiff in the circuit court of this county for the possession of the south half of the northwest quarter and southwest quarter of the northeast quarter and northwest quarter of the southeast quarter, section 32, township 23, range 12, on July 7, 1902; that at the August term, 1902, of this court said cause was tried and judgment rendered against this plaintiff and in favor of the defendants for the possession of such premises.

"Plaintiff states that G. W. Martin died seized of such premises and that the defendants herein sued in said ejectment suit as the heirs of said G. W. Martin; that after the death of said G. W. Martin, the administrator of his estate on proper order made, sold such premises for the payment of the debts of the said G. W. Martin; that on the trial of said cause of these defendants against this plaintiff at the last August term of this court, the court trying said cause found that the sale made of such premises by said administrator was void, and that no title passed thereby.

"Plaintiff avers that at such sale Paul Patrick became the purchaser of such premises and in good faith paid the purchase price thereof, to-wit, the sum of seventy-five dollars; that such sale occurred on the second day of February, 1894; that immediately after such sale the said Paul Patrick entered into the possession of such premises and commenced in good faith to improve such premises and continued in possession thereof and improving the same until the thirty-first day of January, 1901, when he conveyed the same to this plaintiff; that this plaintiff then entered into such possession and has continuously held same up to this time; that plaintiff and his grantors have made valuable and lasting improvements of such premises; that there has been cleared, fenced and put in good state of cultivation, thirty-eight acres of such land; that he has erected on such premises a dwelling house; that he has planted thereon 250 fruit trees which are now bearing trees;

all of which said improvements are of the value of one thousand dollars.

"That he has paid the taxes on such premises from the year 1894, amounting to the sum of fifty dollars.

"That said seventy-five dollars, the purchase-money paid for such premises aforesaid, was paid in good faith and went to extinguish the debts against such estate.

"That all of such improvements have been made and the taxes paid in good faith by plaintiff and his grantor, believing that he had a good title thereto.

"Wherefore plaintiff prays judgment for the said $75 paid as such purchase-money, as aforesaid, with interest thereon; $1,000 for improvements made on such premises, and $50 for taxes paid on such premises, with interest on each payment from the time made, and that the judgment be declared a lien on such premises until paid and that defendants be enjoined from taking possession of the premises until this action can be heard and determined."

The answer is as follows:

"Defendants for their answer admit that the defendants herein instituted suit in the circuit court of this county against the plaintiff herein for the possession of the real estate described in plaintiff's petition, and at the August term of said court in 1902, said cause was tried and a judgment was rendered against the plaintiff herein, in favor of the defendants herein, for the possession of the real estate described in plaintiff's petition; that G. W. Martin died seized of said real estate and the defendants instituted suit as heirs of the said G. W. Martin, deceased, and on the trial of said cause, in said suit in ejectment the court found that said real estate was sold by the administrator of G. W. Martin, deceased, and that the sale was void and passed no title; that plaintiff and his grantors have placed lasting and valuable improvements on said real estate all of

which are worth the sum of one thousand dollars. Defendants further state that said real estate, aside from the improvements placed on said real estate by the plaintiff and his grantors, is worth the sum of four hundred dollars. Wherefore the defendants ask the court to grant them leave to relinquish their right to said real estate to the plaintiff herein, and that the court render a judgment ordering the plaintiff, by a time specified in said order, to take said real estate and pay the ascertained value thereof, to the defendants herein, and in default of such payment the defendants shall take the possession of said real estate, discharged from all claims of the plaintiff herein, and for such other and further relief as the court may deem just and proper.''

On motion of plaintiff, the second paragraph of the answer beginning with the words, ''Defendant further states,'' was stricken out.

After hearing the evidence the court rendered the following judgment:

''On this day this cause coming on to be heard and the parties, plaintiff and defendants, appearing in their own proper persons and by attorney, this cause is submitted to the court on the pleadings and the allegation of plaintiff's petition being confessed by answer, and no part thereof denied, the court finds for the plaintiff. That plaintiff has erected on the premises described in the petition, to-wit: South half, northwest quarter and southwest quarter, northeast quarter and northwest quarter, southeast quarter of section 32, township 23, range 12, lasting and valuable improvements of the value of $1,000. That plaintiff paid $75 purchase-money for such premises which amount was paid to the administrator of defendants' ancestors and which amount went to the extinguishment of the debts and liabilities against such property in the hands of the administrator. That plaintiff has paid the sum of $50 taxes on the property all amounting in the aggregate to $1,125. Wherefore it is ordered, adjudged and decreed by the court

that plaintiff have judgment for said sum which amount is declared and adjudged to be a lien upon the premises and that unless defendants pay said sum to plaintiff within eighteen months from this date that the legal title to said premises vest fully in plaintiff and that plaintiff have execution for his costs.''

In Henderson v. Langley, 76 Mo. 1. c. 228, the court said: ''It has been repeatedly held by this court that when it appears in an action of ejectment, that the defendant has purchased land from the plaintiff, or in administration proceedings, or at sales under mortgages, and has paid the purchase-money, entered into possession and made improvements in good faith, but failed to obtain the legal title intended to be sold, and could not have specific performance, the owner of such legal title, or his grantee having notice of such facts, will not be permitted to eject such purchaser without accounting for the purchase-money and paying for the improvements made. Shroyer v. Nickell, 55 Mo. 264; Evans v. Snyder, 64 Mo. 516; Sims v. Gray, 66 Mo. 614; Mobley v. Nave, 67 Mo. 546.'' The same ruling was made in Railroad v. Shortridge, 86 Mo. 662.

The plaintiff herein might have alleged in his answer in the ejectment suit the same facts as he now alleges in his petition, and in that suit have prevented an eviction until the value of his improvements, etc., should be paid by the plaintiffs in the ejectment suit. He did not do this, but seeks now to accomplish the same purpose by an independent suit brought before an eviction and while he is yet in possession of the premises. It is a doctrine of equity that an innocent purchaser of lands for a valuable consideration, without notice of any infirmity in his title, is entitled to full remuneration for his permanent improvements that add value to the lands, for taxes paid thereon, and the purchase price therefor, when such purchase price has gone to extinguish any lien or charge against the land created by the law or by the owner, and that such improvements,

etc., are a lien against the land which the owner is bound to discharge before he is entitled to be restored to his original rights in the land.    Valle's Heirs v. Fleming's Heirs, 29 Mo. 152.    And we do not think plaintiff is estopped, by failing to plead his equity in the ejectment suit, to assert it in an independent proceeding while he is yet in possession of the land.

The contention of the appellants, that the suit was brought under the statutes (sections 3075 and 3076, Revised Statutes 1899), is not tenable.    A portion of plaintiff's claim, to-wit, seventy-five dollars, the purchase price of the land, is not embraced within these statutes.    Nothing but improvements can be adjudicated under the provisions of these sections and we think it is clear that the suit was not intended to be brought under the statutes, and was not brought under the statutes.

The judgment rendered by the court is in conformity with the allegations of the petition and declaratory of the equity to which plaintiff is entitled on the facts as found by the court.

Judgment affirmed. *Reyburn, J.,* concurs. *Goode, J.,* dissents.