Peck v. Rea.

O. E. PECK, Appellant, v. A. S. REA, Respondent.*

In the Springfield Court of Appeals, May 13, 1925.

1. **EJECTMENT: Equitable Counterclaim: Defendant Claiming as Purchaser from Plaintiff, May Prosecute Equitable Counterclaim in Suit for Ejectment.** Where defendant in ejectment went into possession of lands as a purchaser from plaintiff, under contract of sale which was not consummated, he could maintain equitable counterclaim for the difference between the value of the rents during the time the lands were in his possession, and the amount paid by him on the purchase price when the contract was entered into.

2. ———: ———: **When Equitable Counterclaim Allowed in Ejectment: Distinction Stated.** Where it is sought to eject a defendant who went into possession under the title of the plaintiff and for some reason should be ejected, he may, if he had an equitable counterclaim against such plaintiff, interpose and try it in the ejectment suit, but where he went into possession or is claiming title or possession through a stranger to the plaintiff, he may not maintain equitable counterclaim, but must recover the value of any improvements made, which in equity he should have, by an independent action as provided by sections 1834-1836, Revised Stat-1919.

*Headnotes 1. Ejectment, 19 C. J., Section 363; 2. Ejectment, 19 C. J., Section 391.

Appeal from the Circuit Court of Dallas County.—*Hon. C. H. Skinker*, Judge.

AFFIRMED.

*John S. Haymes, Levi Engle,* and *O. H. Scott,* all of Buffalo, for appellant.

To sustain plaintiff's contention in this case we submit the following. (1) Plaintiff brings action in ejectment, and sues for possession only. Can defendant as a defense to this action recover purchase money? We think

not. In California in an action of ejectment by a vendor against a vendee to recover possession of land agreed to be sold, and of which possession was taken by vendee, who paid a portion of the purchase money and failed to pay the remainder, the vendee cannot recover the money paid. Hoffman v. Remnant, et al., 72 Cal. 1. And further, neither the courts or legislature of this State have ever contemplated such a defense or understood that a counterclaim could be filed in an ejectment suit. If they had so understood, the legislature would not have, through all the years, kept in our statutes a law compelling defendants in ejectment suits to bring separate actions to recover for improvements. And especially, as in this case, where plaintiff sues for possession only, by what manner of reasoning can a defendant plead a counterclaim or offset? In view of the lawmakers for years past a counterclaim was not permissible in suit in ejectment, and it is said that a construction adopted and acted upon for years is entitled to great weight in construing the law. Venable v. Railroad, 112 Mo. 125. Plaintiff claimed no damages, therefore there was nothing to set off. Workman v. Warden, 28 Mo. App. 6; Mitchell v. Barnham, 104 Mo. App. 557; Johnson v. Hoffman, 53 Mo. 508. (2) Even if defendant's answer is permitted in this action he cannot recover on the first contract of March, 1920, for the reason that it was superseded by a new and substituted contract of March 7, 1921, as shown by the evidence, under which nothing was paid by the defendant. Smith v. Snyder, 82 Va. 614. In further support of this proposition we submit the following additional authorities: Lantz v. King, 93 Mo. 513; McClurg v. Whitney, 82 Mo. App. 625; Marshall & Michel v. Larkin, 82 Mo. App. 635; Christman v. Hodges, et al., 75 Mo. 413; Scott v. Realty & Improvement Co., 255 Mo. 76; Pressed Brick Co. v. Barr, 76 Mo. App. 386-78; Welch v. Meschke, 154 Mo. App. 735; Carman v. Hannah, 182 Mo. App. 365; Carr Mfg. Co. v. Rolling Mill Co., 285 Mo. 669. Nor does the breach of the new or substituted con-

tract revive prior rights of parties under the original contract. See 76 Mo. App. and 182 Mo. App., supra. (3) Defendant cannot recover for the further reason that he was guilty of a breach of the contract when he failed to pay the $2000 at the time possession of the land was delivered to him, and again when he failed to pay the whole balance of purchase money due in October, 1920, after title was perfected, and thus being in default he cannot recover the money paid on the first contract, nor can he recover on the new or substituted contract because of also having made default in complying with the terms in making payment. Crews v. Ganneau, 14 Mo. App. 505; Ludwig v. Kippenger, 13 Mo. App. 593; Curry v. Griffet, 115 Mo. App. 367; Galway et al. v. Shields, 66 Mo. 313; Scott v. Lewis, 177 Mo. App. 8; Lang v. Murphy, 137 Mo. App. 217; Kreitz v. Englehoff, 231, Mo. 702-3; Mining Co. v. Price, 189 Mo. App. 30 and cases cited; O'Brien v. Cheney, 5 Cush. (59 Mass.) 148; Webb v. Steiner, 113 Mo. App. 489. (4) Not only must the vendee, before he can recover purchase money paid to vendor, show (a) that he has complied with the contract of purchase, or has tendered compliance, but (b) that he has demanded compliance on the part of the vendee and he,— the vendee,—has refused it. If there has been failure in either of these his action must fail. Davis v. Barada-Ghio Co., 115 Mo. App. 327; Snyder v. Betker et al., 159 Mo. App. 325; Scannell v. Soda Fountain, 161 Mo. 614; Meyer v. Christopher, 176 Mo. 594.

*L. C. Mayfield,* of Lebanon, and *L. F. Lindsey,* of Buffalo, for respondent.

(1) The contract between appellant and respondent entered into on the 7th day of March, 1921, being complete in itself and being without ambiguity, superseded the prior written contracts between said parties. Howard v. Scott, 98 Mo. App. 509; Bethany Savings Bank v. Cushman, 66 Mo. App. 102, 105; Herboth v. Radiator Co.,

145 Mo. App. 484; McClure v. Whitney, 82 Mo. App. 625; Pressed Brick Co. v. Barr, 76 Mo. App. 380. (2) Appellant contends that in this action of ejectment, brought by him where only title and possession of land is in issue, the respondent should not be permitted to answer by an equitable counterclaim. We maintain when one is sued in ejectment that he may set up an equitable defense and in this case had respondent not set. up his equitable defense it would have been a bar to the cause of action which he had against appellant. Insurance Co. v. Carson, 186 Mo. App. 231, 232; Henderson v. Langley, 76 Mo. 288; Shroyer v. Nickell, 55 Mo. 264; Evans v. Snyder, 64 Mo. 516; Simms v. Gray, 66 Mo. 614; Moberly v. Nave, 67 Mo. 546. (3) It is provided in the chapter on ejectment in our statutes that the pleading and proceedings in actions of ejectment shall be conducted as in other civil actions except where it is otherwise provided. Sec. 1821, R. S. 1919. It is also provided in section 1232 that a defendant may set up in his answer any new matter constituting a defense or counterclaim. It has been held in the case of Hynds v. Hynds, 253 Mo. 30, 31, 32, that a defendant in an ejectment suit may set up as many defenses and counterclaims as is allowed under sections 1806 and 1807, Revised Statutes 1909, now sections 1232 and 1233, Revised Statutes 1919. (4) The respondent sets up in his answer an equitable defense and counterclaim, and the facts stated are sufficient to entitle him to the relief which he obtained in his judgment. When the case went into the realm of equity the court had a great deal of latitude for it has been held that the conclusions of law which the pleader may have drawn from the pleadings and the particular relief he might have asked, may, if necessary, be disregarded by the trial court, and in such cases the court may grant any relief consistent with the facts proven by either the plaintiff or defendant. 91 Mo. 657; 190 S. W. 1001. (5) The trial court having heard all of the evidence of both, the plaintiff and defendant, and being familiar with the

various proceedings which had been instituted in his court affecting this matter reached the conclusion that in equity the appellant owed respondent the sum of $500, but that appellant was entitled to possession of the land. We think that the findings by the trial court settled any conflict in the evidence and binds the appellate court. 219 S. W. 601. (6) In his brief the appellant asks the question "can a defendant as a defense to this action recover purchase money?" and answers it by saying "We think not." We think that appellant is in error as to the law on this point. It seems to us that this point has been so thoroughly decided by the courts of this State that it is no longer a mooted question. Judge FARRINGTON lays down this doctrine very clearly in the 186 Mo. App. 231 to 234, and in some of the cases cited by him the judgments rendered are exactly in point with ours. In said decision he states that the distinction is clearly shown to be that where it is sought to eject a defendant who went into possession under the title of the plaintiff and for some reason should be ejected, he may, if he has an equitable counterclaim against such plaintiff, interpose and try it in the ejectment suit, but on the other hand where defendant went into possession or is claiming possession or title through a stranger to the plaintiff, then he must recover the value of improvements made, which in equity he should have by an independent action, as provided by the statutes; and the doctrine that a money judgment may be obtained and in fact all the equities can be passed upon by a court of equity, is clearly set forth in the following cases, to-wit: 107 Mo. App. 659; 86 Mo. 662; 102 Mo. 407; 226 Mo. 182; 251 Mo. 56; Pattison's Mo. Code Pleading (2 Ed.), sec. 825, under the title of "Equitable Defenses in Ejectment," and cases cited by him.

BRADLEY, J.—Plaintiff filed his petition in ejectment to recover possession of certain described lands in Dallas county. Defendant answered by a general denial,

and an equitable counterclaim.  Plaintiff moved to strike the counterclaim, and his motion being overruled, he saved exception and filed a reply putting in issue the new matter set up in the answer.  The whole cause was tried on the theory that the pleadings carried the cause to the equity side of the court.  The conclusion was reached that under the issues plaintiff was entitled to judgment for possession and that defendant was entitled to a judgment for $500 against plaintiff.  Defendant's Judgment was based upon what the court designated as "an equitable accounting between the parties."  Plaintiff filed motion for a new trial on the accounting wing of the case, and a new trial being denied he appealed. .

Plaintiff contends that a counterclaim will not lie in ejectment, and that is the question presented for determination.  January 26, 1920, plaintiff and defendant entered into a contract whereby defendant was purchasing plaintiff's farm for $12,000.  Two thousand dollars was paid in cash, and another $2000 was to be paid March 20, 1920, when possession was to be delivered.  The remaining $8000 was to be paid when a loan company approved the abstract and made a loan to defendant.  Conditions came about whereby the parties realized that the contract would not be consummated by March 20th, so on March 16, 1920, a second contract was entered into abrogating the first one and reciting payment of the $2000, and providing that another $2000 should be paid "on next Monday, March 22, "if possession was delivered by that date, and if possession was not delivered by March 22nd, then the $2000 was to be paid when possession was delivered.  The remaining $8000 was to be paid "as soon as abstract on property is approved by loan company from which party of the second part is securing a loan."  By the second contract it was provided that the deed from plaintiff to defendant should "remain in escrow with Charity State Bank until the remaining $10,000 is paid in full."

On March 23, 1920, defendant went into possession of the lands involved, but did not pay the $2000 to be paid when possession was given. Matters were not settled as contemplated and plaintiff brought ejectment, and in that suit asked for the appointment of a receiver. A change of venue was taken in that cause, and on the eve of its trial a third contract was entered into and that cause was dismissed. The third contract was entered into on March 7, 1921. This third contract recited that defendant had purchased plaintiff's farm, and that the deed was in escrow and that there was then due plaintiff "the sum of ten thousand dollars with interest and taxes amounting to the sum of $535." By the third contract defendant was to pay $6000 on or before May 5, 1921, and on that date was to deliver to plaintiff certain notes amounting to $4535, four thousand dollars of which notes was to be secured by second trust deed on the farm, "which said notes and deed of trust are held by W. D. Blankenship in escrow." It was further provided that in the event defendant failed to comply with the contract then he was "to hold possession of said land as the tenant" of plaintiff, and was to pay certain portions of the crops as rent, and without notice deliver possession of January 1, 1922. Again consummation was not reached and the cause at bar was filed February 15, 1922.

In the evidence it appears that each party blamed the other for the failure to finally consummate the deal, but we do not deem it necessary to set out the evidence in detail as such is not necessary in order to make disposition of the question presented. When the trial started, the record recites, "the court held that under the pleadings the burden was upon defendant whereupon the defendant to sustain the issues introduced," etc. All these contracts were pleaded and we take it by the recitation, supra, that the court considered, and that the parties acquiesced therein, that plaintiff was entitled to judgment for possession on the pleadings, and that there was

nothing to litigate except the issues on defendant's counterclaim.

Defendant's counterclaim is based on the alleged difference between the value of the rents during the two years the lands were in his possession and the $2000 payment made by him when the first contract was entered into. This difference is alleged to be $1000, and for this sum defendant asked judgment. The court, however, found that the value of the rents for the two years was $1500, and gave defendant judgment for $500. Insurance Company v. Carson, 186 Mo. App. 221, 172 S. W. 69, was a cause in ejectment. Defendant interposed an equitable counterclaim. The point was strongly urged in that case that a counterclaim could not be interposed as a defense in a cause in ejectment. The counterclaim there, it is stated, was considered by the trial court as an equitable action for rescission. The question of a counterclaim in ejectment was considered somewhat at length by Judge FARRINGTON in the Carson case wherein he shows when an equitable counterclaim may and may not be pleaded as a defense in ejectment. The distinction between the two classes of cases is stated as follows: "The distinction is clearly shown to be that where it is sought to eject a defendant who went into possession under the title of plaintiff and for some reason should be ejected, he may, if he had an equitable counterclaim against such plaintiff, interpose and try it in the ejectment suit; but, on the other hand, where he went into possession or is claiming title or possession through a stranger to the plaintiff, then he must recover the value of improvements made, which in equity he should have, by an independent action as provided by the statutes." The statutes referred to in the excerpt quoted from the Carson case are sections 1834, 1835 and 1836, Revised Statutes 1919, and are generally known as the occupying claimant statutes. Henderson v. Langley, 76 Mo. 226, was in ejectment, and defendant's possession was under a stranger to the title of plaintiff. In that case the defendant sought

to recover for improvements and for taxes paid, and it was held that such recovery could not be had, that the defendant would have to proceed for such demands under the occupying claimant statutes. But the court in considering the question used this language: "It has been repeatedly held by this court that when it appears in an action of ejectment, that the defendant had purchased land from the plaintiff, or in administration proceedings, or at sales under mortgages, and has paid the purchase money, entered into possession and made improvements in good faith, but failed to obtain the legal title intended to be sold, and could not have specific performance, the owner of such legal title, or his grantee having notice of such facts, will not be permitted to eject such purchaser without accounting for the purchase money and paying for the improvements. [Citing cases.] But where, as in the case at bar, the defendant enters into possession under a stranger to the title of plaintiff in order to obtain the value of any improvemens made by him, he must proceed as provided by sections 2259, 2260, and 2261 of the Revised Statutes." The sections of the statute referred to in Henderson v. Langley, are in the Revised Statutes of 1879 and are the same as sections 1834, et seq., in the Revised Statutes of 1919, referred to, supra.

In the cause at bar defendant was put into possession by plaintiff. There is no question of the rights of a stranger to defendant's claim involved. We are clear that the distinction made by Judge FARRINGTON in the Carson case states the law on the point in this State. [Hannibal & St. Joseph R. Co. v. Shortridge, 86 Mo. 662; Foote v. Clark, 102 Mo. loc. cit. 408, 14 S. W. 981; Hutchinson v. Patterson, 226 Mo. loc. cit. 182, 126 S. W. 403; Patillo v. Martin et al., 107 Mo. App. loc. cit. 659, 83 S. W. 1010.]

The judgment below should be affirmed and it is so ordered. *Cox, P. J.*, and *Bailey, J.*, concur.